**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN EVANS, on behalf of herself and others similarly situated, | : | Case No. 2:17-cv-515 |
| | : | |
| Plaintiff, | : | |
| | : | **JURY DEMANDED** |
| v. | : | |
| | : | |
| AP GAS & ELECTRIC (TX), LLC, | : | |
| | : | |
| AP GAS & ELECTRIC (OH), LLC, | : | |
| | : | |
| AP HOLDINGS, LLC | : | |
| | : | |
| Defendants. | : | |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.      Plaintiff Karen Evans ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      In violation of the TCPA, Defendants AP Gas & Electric (OH), LLC, AP Gas & Electric (TX), LLC, and/or AP Holdings, LLC (collectively "Defendants") placed telemarketing calls to Plaintiff's cellular telephone number for the purposes of advertising its services using an automated dialing system.

3.      Plaintiff never consented to receive these calls, and they were placed to her for telemarketing purposes in an attempt to generate new business for the Defendants.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of

potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

4. A class action is the best means of obtaining redress for the Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Karen Evans is a resident of the state of Ohio and this district.

6. Defendant AP Gas & Electric (TX), LLC ("AP G&E (TX)") is a Texas limited liability corporation that has its principal office at 6161 Savoy Drive, Suite 500, Houston, TX 77036.

7. Defendant AP Gas & Electric (OH), LLC ("AP G&E (OH)") is a Texas limited liability corporation that has its principal office at 6161 Savoy Drive, Suite 500, Houston, TX 77036.

8. Defendant AP Holdings, LLC ("AP Holdings") is a Texas limited liability corporation that has its principal office at 6161 Savoy Drive, Suite 500, Houston, TX 77036.  AP Holdings is the parent company of AP G&E (TX) and AP G&E (OH) and by and through those and other subsidiaries, AP Holdings provides and supports electricity services, including but not limited to performing administrative services and customer service support.

9. Defendants send solicitations, including telemarketing calls, into the state of Ohio and this district.  *See* http://www.apge.com/residential-electric-service (Last Visited June 8, 2017).

**Jurisdiction & Venue**

10. The Court has federal question jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff is a resident of this district and she received the illegal telemarketing calls that are the subject of this putative class action lawsuit in this district.

**TCPA Background**

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

3

15. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

17. Defendants are providers of energy services.

18. To generate new clients, Defendants rely on telemarketing.

19. One of the telemarketing strategies used by Defendants involves the use of an automatic telephone dialing system ("ATDS") to solicit potential customers.

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff is the owner of a cellular telephone number, (614) 203-XXXX.

22. Defendants, or their agent acting on their behalf, placed multiple automated telemarketing calls using an ATDS to Plaintiff's cellular telephone number.

4

23. One such call was placed on April 19, 2016 from the telephone number (740) 302-8430.

24. During the call, the representative stated that she was calling on behalf of the Defendants.

25. The representative pressed the Plaintiff to locate a recent copy of her gas and electric bill.

26. The representative wanted to review and discuss how the Plaintiff could reduce her energy costs.

27. Plaintiff was not interested in changing energy providers.

28. Other individuals have also lodged complaints about calls from Defendants using that number:

> Says they are APG and have authority from AEP to change our utility providers. BULL!!!
> HANG UP ON THESE PEOPLE!!! What a pain!!!
>
> *Caller: APG*
> *Call type: Telemarketer*
>
> Called 3 times in less than 1 minute, left a message indicating a problem with my AEP account. I tried to call back to see what the problem was and they tried to change my electric provider by saying I was due a rebate check from AEP. I figured out it was a scam and hung up on them. I will be filing complaint with PUCO
>
> *Caller: American Electric & Gas*
> *Call type: Telemarketer*

*See* http://800notes.com/Phone.aspx/1-740-302-8430 (Last Visited June 8, 2017).

29. The Plaintiff also received multiple calls in May 2016 from the Defendants, or their agent acting on their behalf.

30. Indeed, other individuals have complained about telemarketing calls from the Defendants on other telephone numbers:

5

> A guy from American Power and Gas trying to get me to switch my natural gas supplier. They call frequently, which is very annoying. Every time I request they do not call me again and to take me off their list. Clearly they don't honor that request. After I hung up this guy immediately called back multiple times in a row. He clearly has anger management issues.
>
> *Caller: American Power and Gas*
> *Call type: Telemarketer*
>
> After telling her that we won't provide her a copy of our bill, and being very cordial about it, she was very aggressive to the point that we hung up on her. This has happened twice now, and on each instance she continues to call over and over and over; when asked to speak with her manager she hung up on me. I will be reporting this to APG&E as well as the BBB.
>
> *Caller: APG&E*
> *Call type: Telemarketer*

*See* http://800notes.com/Phone.aspx/1-440-219-0173 (Last Visited June 8, 2017).

31. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

32. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**Class Action Allegations**

33. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

34. The class of persons Plaintiff proposes to represent are tentatively defined as:

> All persons within the United States: (a) to whom Defendants, and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) promoting Defendants' products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

6

35. Excluded from the class are Defendants, and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. The class as defined above is identifiable through phone records and phone number databases.

37. The potential class members number at least in the thousands, since automated and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

38. Plaintiff is a member of the proposed class.

39. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

   a. Whether Defendants violated the TCPA by using an ATDS to call cellular telephones;

   b. Whether Defendants placed calls without obtaining the recipients' prior consent for the calls; and

   c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendants' actions.

40. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

41. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the

class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

43. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

44. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

45. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:
Violation of the TCPA's Automated Calling Provisions**

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the class using an ATDS.

8

48.     As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49.     Plaintiff and members of the class are also entitled to and do seek injunctive relief prohibiting Defendants from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

50.     Defendants' violations were negligent and/or knowing.

### Relief Sought

For herself and all class members, Plaintiff requests the following relief:

A.     Certification of the proposed class;

B.     Appointment of Plaintiff as representative of the class;

C.     Appointment of the undersigned counsel as counsel for the class;

D.     A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiff and the class of damages, as allowed by law;

G.     Leave to amend this Complaint to conform to the evidence presented at trial; and

H.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By her attorneys

**/s/ Brian K. Murphy**
Brian K. Murphy (0070654)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com
misny@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
ted@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

Samuel J. Strauss
Turke & Strauss LLP
936 N. 34th Street, Suite 300
Seattle, WA 98103
(608) 237-1774
sam@turkestrauss.com
*Subject to Pro Hac Vice*