## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

KAREN EVANS, on behalf of herself and others )
similarly situated, )
)
     *Plaintiff*, )
) Case No.: 2:17-cv-515
v. )
) Judge: Edmund A. Sargus
) Magistrate Judge: Elizabeth Preston
) Deavers
AMERICAN POWER & GAS, LLC and )
CONSUMER SALES SOLUTIONS, LLC, )
) ***JURY TRIAL DEMANDED***
     *Defendants*. )
_____ )

### RULE 26(f) REPORT OF PARTIES

1. Pursuant to F.R. Civ.P. 26(f), a meeting was held on October 25, 2017 and was attended (telephonically) by:

   Jonathan Misny, counsel for plaintiff Karen Evans

   Elliot A. Hallak, counsel for Defendants

   Ross B. Hofherr, counsel for Defendants

   Dana S. Elfvin, counsel for Defendants

2. **Consent to Magistrate Judge.**

   The parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

3. **Initial Disclosures**.

   The parties will exchange such disclosures by **December 8, 2017.**

4. **Jurisdiction and Venue**

a.  Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or venue:

Defendant, American Power & Gas, LLC ("AP&G"), asserts that this Court lacks personal jurisdiction over AP&G.  AP&G is a limited liability company organized under the laws of the State of Florida and does not do any business in the State of Ohio. Plaintiff contends that Defendant, Consumer Sales Solutions, LLC ("CSS") made telemarketing calls to her on AP&G's behalf, in an effort to have Plaintiff purchase energy supply from AP&G.  However, Defendants have denied Plaintiff's allegations, as AP&G does not do business in the State of Ohio and does not sell energy supply in the State of Ohio.  As such, AP&G maintains that this Court lacks personal jurisdiction over AP&G.

b.  Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

Plaintiff believes discovery as to the ownership structure of Defendants and their related entities and the calling campaign at issue will assist in resolving any issues relating to jurisdiction and venue.  Plaintiff understands that Defendant CSS owns Defendant AP&G and currently believes the calls described in the Complaint were made on AP&G's behalf.  Defendants deny the Plaintiff's statements and assertions.

Defendant maintains that no discovery specifically relating to jurisdiction is needed at this time.

c.  Recommended date for filing motions addressing jurisdiction and/or venue:

**June 27, 2018.**

**5.**  Amendments to Pleading and/or Joinder of Parties

a.  Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties: **January 15, 2018.**

b.  If class action, recommended date for filing motion to certify the class: **June 27, 2018.**

**6.  Recommended Discovery Plan**

a.  Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

The parties jointly anticipate that discovery will be needed on the requisites of Fed. R.Civ.P. 23 as well as the merits of Plaintiff's claims and Defendants' defenses.  As described below, Defendants maintain that merits discovery should not proceed until after this Court has resolved any motion to certify a class.  Plaintiff asserts that merits and class discovery should proceed simultaneously.

Plaintiff anticipates that discovery will include the Defendants' calling campaign and any alleged consent obtained. The Plaintiff will also explore the Defendants' policies and practices for telemarketing compliance, as well as the relationship between the Defendants and other third parties.

Defendants anticipate that merits discovery will address the allegations of the complaint and Defendants' affirmative defenses, including, Plaintiff's consent to be contacted and Plaintiff's use of the cellular telephone number referenced in the Complaint.

Plaintiff and Defendants preserve all available objections to the anticipated discovery identified herein.

b. What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

   None at this time.

c. The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

   The parties will work cooperatively to develop an ESI protocol, if one is needed.

d. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials**:

   The parties are working on a joint protective order that will address these issues, the parties have agreed on a procedure to assert such claims AFTER production, and the parties ask that the Court include their agreement in an Order.

e. Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

   At this time, the parties have not identified any discovery that can be deferred pending settlement discussion and/or resolution of potentially dispositive motions, and will notify the Court if any such discovery has been identified.

f. The parties recommend that discovery should proceed in **phases**, as follows:

   The Plaintiff believes that one discovery period, where all Rule 23 issues are addressed as well as all merits issues required for trial will be efficient for the Court.

   The Defendants believe that bifurcation of class and merits discovery is appropriate given efficiency and proportionality concerns, and based upon the matters upon which

Plaintiff intends to seek discovery.  Defendants maintain that merits discovery should not proceed until after this Court has resolved any motion to certify a class.

g. Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of Fed.R.Civ.P. 26(a)(2):

Plaintiff anticipates that expert testimony may be needed on both class certification and merits issues.  Defendants have not yet fully determined their needs for expert testimony, but anticipate using rebuttal witnesses to any expert designation by Plaintiff.

i. Recommended date for making **primary expert designations**:

Plaintiff recommends March 23, 2018.  Defendants agree that March 23, 2018 is an appropriate date for expert designations in connection with any class certification motion.  However, Defendants believe that primary expert designations as to merits based issues shall be due thirty (30) days after the conclusion of fact discovery.

ii. Recommended date for making **rebuttal expert designations**:

Plaintiff recommends April 23, 2018.  Defendant agrees that April 23, 2018 is an appropriate date for rebuttal expert designations in connection with any class certification motion.  However, Defendants believe that rebuttal expert designations as to merits based issues shall be due thirty (30) days after the deadline for primary expert designations.

h. Recommended **discovery completion date**:   Plaintiff recommends June 27, 2018. Defendants recommend that fact discovery be completed six (6) months after this Court has resolved any motion to certify a class, and that expert discovery be completed thirty (30) days after the deadline for rebuttal expert designations.

**7. Dispositive Motion**(s)

a. Recommended date for filing dispositive motions:  Plaintiff recommends July 18, 2018.  Defendants recommend thirty (30) days after the conclusion of all discovery.

**8. Settlement Discussions**

a. Has a settlement demand been made?  No          A response?  N/A

b. Date by which a settlement demand can be made:  June 27, 2018

c. Date by which a response can be made:  July 16, 2018

**Signatures:**

Attorneys for Plaintiff:

By:    */s/ Jonathan P. Misny*
       Brian K. Murphy Esq.
       (Ohio Bar No. 0070654)
       Jonathan P. Misny, Esq.
       (Ohio bar No. 0090673)
       Murray Murphy Moul + Basil LLP
       1114 Dublin Road
       Columbus, Ohio 43215

       Anthony I. Paronich, Esq.
       (admitted pro hac vice)
       Edward A. Broderick
       (admitted pro hac vice)
       Broderick & Paronich, P.C.
       99 High St., Suite 304
       Boston, MA 02110

       Matthew P. McCue, Esq.
       The Law Office of Matthew P. McCue
       1 South Avenue, Suite 3
       Natick, Massachusetts 01760

       Samuel J. Strauss, Esq.
       Turke & Strauss LLP
       936 N. 34th Street, Suite 300
       Seattle, Washington 98103

Attorneys for Defendants:

By:    */s/Brian J. Laliberte*
       Brian J. Laliberte, Esq.
       (Ohio Bar. No. 0071125)
       Dana S. Elfvin, Esq.
       (Ohio Bar No. 090511)
       Tucker Ellis LLP
       175 S. Third St., Suite #520
       Columbus, Ohio 43215

By:    */s/ Elliot A. Hallak*
       Elliot A. Hallak, Esq.
       (admitted pro hac vice)
       Ross B. Hofherr, Esq.
       (admitted pro hac vice)
       Harris Beach PLLC
       677 Broadway, Suite 1101
       Albany, New York 12207