**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KAREN EVANS, on behalf of herself and others similarly situated, | Case No. 17-cv-515 |
| Plaintiff, | Judge: Edmund A. Sargus |
| | Magistrate Judge: Elizabeth Preston Deavers |
| v. | |
| AMERICAN POWER & GAS, LLC, CONSUMER SALES SOLUTIONS, LLC | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING AND ADMINISTRATION** |
| Defendants. | |

Upon consideration of the Parties' Settlement Agreement dated December 10, 2018 (the "Settlement Agreement" or "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, and the pleadings and other materials on file in this Action, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein.  Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2.      For purposes of the Settlement, the Settlement Class shall be defined as all persons in the United States who were the users or subscribers of a cellular telephone number identified on the Class Phone Number List to which the Defendants, themselves or through a third party, made a telephone call using the ViciDial technology between June 14, 2013 and August 31, 2018.  Subject to further consideration at the Court Approval Hearing described in Paragraph 13 below, this Court preliminarily finds that this Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement.

3.     For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing, Representative Plaintiff, Karen Evans, is provisionally appointed as the representative of the Settlement Class.

4.     For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing, JB Hadden, Brian K. Murphy and Jonathan P. Misny (of Murray Murphy Moul Basil LLP), Anthony Paronich and Edward A. Broderick (of Broderick and Paronich, P.C.), and Samuel J. Strauss (of Turke and Strauss LLP) are provisionally appointed as Class Counsel.

5.     For purposes of the Settlement, KCC, LLC is approved and designated as the Settlement Administrator for the Settlement.

6.     Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at Paragraph 13 of this Order.  In reaching this preliminary determination, the Court has specifically considered whether the Representative Plaintiff and Class Counsel have adequately represented the Settlement Class in the proceedings to date; the proposed Settlement was negotiated at arm's length; the proposed relief available to the Settlement Class appears to be adequate, taking into account the costs, risks, and delay of trial and appeal; the anticipated effectiveness of the proposed method for distributing the proposed relief available to the Settlement Class, including the proposed method of processing class-member claims; the terms of any proposed award of attorney's fees, including timing of payment, are reasonable, and the

proposed Settlement treats members of the Settlement Class equitably relative to each other. With these considerations, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

7.      Pursuant to the terms of the Settlement Agreement, Defendants and the Settlement Administrator are hereby directed (a) to prepare the Class Member List; (b) to provide notice of the Settlement and the Court Approval Hearing to each Class Member by mailing a copy of the postcard Class Notice, substantially in the form of the document attached to the Agreement as Exhibit C, to each Class Member at the address on the Class Member List as updated by the Settlement Administrator within 30 days of the entry of this Order; (c) to post the Full Class Notice, substantially in the form of the document attached to the Agreement as Exhibit D on the Settlement Website, in accordance with the terms of the Agreement; and (d) to post the Claim Form and the Settlement Agreement on the Settlement Website.  Before mailing the Class Notice or posting the Full Class Notice, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notice and Full Class Notice to conform to the dates and deadlines specified in this Order.  The Settlement Administrator shall also have discretion to format the form or substance Class Notice and/or Full Class Notice in a reasonable manner before mailing or posting, as applicable, to minimize mailing or other administration costs.

8.      If any Class Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail.  Other than as set forth above, Representative Plaintiff, Class Counsel, Defendants and the Settlement Administrator shall have no other obligation to re-mail Class Notices returned by the Postal Service as undeliverable.

9.     The Court finds that the Settlement Agreement's plan for direct mail and other notice to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23.  That plan is approved and accepted.  This Court further finds that the Class Notice, Full Class Notice and Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved, adopted and authorized for dissemination or posting.  This Court further finds that no other notice to Class Members other than that identified in the Agreement is reasonably necessary in the Action.

10.     Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Full Class Notice, postmarked no later than **[21 days before the Court Approval Hearing]**.  For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) state the Class Member's full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.  Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting-out as

are contained in the Agreement, the Full Class Notice, and this Order, shall be bound by the Agreement, including the Release, as embodied in Paragraphs 4.01 through 4.03 of the Agreement, and any Final Order and Judgment entered in the Action. Further, any Class Member who is a Successful Opt-Out shall be excluded from the Settlement, and shall not receive any benefits of the Settlement, and shall have no standing to object to the Settlement.

11.     On or before the date of the Court Approval Hearing, Class Counsel, Counsel for the Defendants and/or the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs. Without implication of limitation, and consistent with terms of the Settlement Agreement, the identification any person on the list of Successful Opt-Outs is not and shall not be construed as either a determination by this Court or an admission or conclusion by the Parties, Plaintiffs' Counsel or Counsel for the Defendants that such person is a member of the Settlement Class.

12.     Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail and postmark, or hand-deliver, a written objection to the Settlement ("Objection") to Class Counsel and Counsel for the Defendants, at the addresses set forth in the Full Class Notice, and mail or hand-deliver the Objection to the Court, on or before **[21 days before the Court Approval Hearing]**. Each Objection must: (a) set forth the Class Member's full name, current address, and telephone number; (b) identify the cellular telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the specific legal and factual basis for the objection;

(f) state whether it applies only to the objector, to a specific subset of the class, or to the entire class; and (g) provide copies of any documents that the Class Member wishes to submit in support of his/her position.  Any Class Member who does not submit a timely Objection in complete accordance with this Order, the Full Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement in the absence of approval by the Court.

13.    A hearing (the "Court Approval Hearing") shall be held before the undersigned at _____ a.m./p.m. on [**120 days after the last date required under Paragraphs 2.04 and 2.05 for the mailing of the Class Notice**] in the United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, Courtroom 301, 85 Marconi Boulevard, Columbus, Ohio 43215, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release, (e) the amount of any Attorney Fee/Litigation Cost Award to be made to Plaintiffs' Counsel, if any, upon application pursuant to Paragraph 2.29 of the Settlement Agreement, and (f) the amount of any Class Representative Award to be made to Representative Plaintiff, if any, upon application pursuant to Paragraph 2.31 of the Settlement Agreement.  This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14. Representative Plaintiff's motion for final approval of the Settlement, as well as any application for an Attorney Fee/Litigation Cost Award and any application for a Class Representative Award by Plaintiff and/or Plaintiff's Counsel, shall be filed with the Court no later than thirty-five (35) days before the Court Approval Hearing. All other submissions by Representative Plaintiff or Defendants concerning the Settlement also shall be filed no later than seven (7) days before the Court Approval Hearing.

15. It is not necessary for a Class Member to appear at the Court Approval Hearing. However, any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, and mail and postmark, or hand-deliver, the notice to Class Counsel and Counsel for the Defendants on or before [**21 days before the Court Approval Hearing**].

16. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to raise.

17. Any Class Member who wishes to file a motion in the Action must file the motion with the Court, and contemporaneously mail and postmark, or hand-deliver, the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendants on or before [**21 days before the Court Approval Hearing**].

18. Any Class Member who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Court Approval Hearing.

19. The postmark and electronic submission deadline for Valid Claim Forms is [**21 days before the date for the Court Approval Hearing Date**].

20. All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing, including Defendants' provision of notice of the

Settlement pursuant to 28 U.S.C. § 1715 ("Section 1715"), shall be governed by the Agreement and Section 1715, as applicable, to the extent not inconsistent herewith.

21. The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

22. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

23. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes is required or appropriate if the Action were to be litigated rather than settled.

24. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or

of any wrongdoing, liability, or violation of law by Defendants, which deny all of the claims and allegations raised in the Action.

25. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Representative Plaintiff and Defendants and without further notice to the Class Members.

26. Pending this Court's decision on whether to finally approve the Settlement in this Action, Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel, and Plaintiffs' Counsel are preliminary enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release.

27. Representative Plaintiff, Class Counsel, Plaintiffs' Counsel and each of the Releasing Persons shall not, without prior approval of this Court, (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action, excepting only such documents created and disbursed as part of the Class Notice and/or Full Class Notice; or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in the Action; or the Settlement of the Action, excepting only that (i) such statements may be made to individual Class Members or the individual Class Member's counsel in one-on-one communications or as part of the Class Notice and/or Full Class Notice, (ii) statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be disclosed by Representative Plaintiff and Plaintiff's Counsel in response to inquiries directed to them by a member of the media, provided that Representative Plaintiff and Plaintiff's Counsel refrain from

making any disparaging statements about the Defendant Parties of any kind whatsoever in the course of responding to such inquiries, and (iii) general statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be made on the firm websites of Class Counsel, provided that such content contains no disparaging statements about the Defendant Parties of any kind whatsoever.

28.    The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.


Dated: _____        _____
                                               EDMUND A. SARGUS, JR.
                                               CHIEF UNITED STATES DISTRICT JUDGE