# SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of December 10, 2018, between (a) plaintiff Karen Evans ("Plaintiff" or "Evans") (on behalf of herself and a Settlement Class (as defined herein), and (b) defendants American Power & Gas, LLC and Consumer Sales Solutions, LLC (the "Defendant Parties").

## RECITALS[1]

WHEREAS, on or about June 14, 2017, Plaintiff filed a putative class action lawsuit against AP Gas & Electric (OH), LLC, AP Gas & Electric (TX), LLC, and AP Holdings, LLC in the United States District Court for the Southern District of Ohio (Eastern Division), captioned as *Evans v. AP Gas & Electric (OH), LLC, et al.*, Civil Action No. 17-cv-515 ("the Action");

WHEREAS, on or about August 18, 2017, Plaintiff filed a First Amended Complaint in the action naming American Power & Gas, LLC and Consumer Sales Solutions, LLC as defendants in the Action;

WHEREAS, on or about August 18, 2017, Plaintiff also filed a notice of voluntarily dismissal without prejudice as to AP Gas & Electric (OH), LLC, AP Gas & Electric (TX), LLC, and AP Holdings, LLC and the Action was re-captioned as *Evans v. American Power & Gas, LLC et. al.*, Civil Action No. 17-cv-515;

WHEREAS, on or about October 3, 2017, the Defendant Parties filed answers to the First Amended Complaint in the Action, denying any and all liability to Plaintiff and the putative classes and asserting various affirmative defenses;

WHEREAS, between October 2017 and May 2018, the Parties engaged in discovery and other litigation relating to class certification and other issues;

WHEREAS, between May 22, 2018 and August 14, 2018, the Parties engaged in extensive settlement negotiations, including a day-long mediation session with the Honorable Morton Denlow (Ret.) of JAMS in Chicago, Illinois;

WHEREAS, between August 14, 2018 and October 31, 2018, the Parties engaged in additional discovery and settlement negotiations;

WHEREAS, the Defendant Parties have denied and continue to deny the material allegations in the Action, have denied and continue to deny any wrongdoing and any liability to Plaintiff or any Class Member, in any amount, in connection with the claims asserted in the Action, have denied that class certification is required or appropriate, and contend that they would prevail in the Action;

---

[1] Capitalized terms used in these Recitals shall, unless otherwise defined in the Recitals, have the meanings set forth in Section I of the Settlement Agreement

WHEREAS, Plaintiff maintains that she would prevail in the Action, on behalf of herself and the Settlement Class;

WHEREAS, Class Counsel has conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the pending and potential claims in the Action, and has conducted a further investigation to determine how to best serve the interests of the Settlement Class in the Action, both before commencing the Action, as well as during the litigation of the Action and the negotiation of the Settlement provided for in this Agreement;

WHEREAS, Plaintiff, for herself and on behalf of the Settlement Class, desires to settle the Action and all matters within the scope of the Release set forth herein, having taken into account the risks, delays, and difficulties involved in establishing liability, the likelihood of recovery in excess of that offered by this Settlement Agreement, the desirability of payment now, and the likelihood that the Action could be protracted and expensive;

WHEREAS, although the Defendant Parties deny any wrongdoing and any liability to Plaintiff and the Settlement Class whatsoever, the Defendant Parties believe that it is desirable and in its best interest to settle the Action and all matters within the scope of the Release in the manner and upon the terms and conditions provided for in this Settlement Agreement in order to avoid the further expense, inconvenience, and distraction of litigation, and in order to put to rest the claims that have been asserted in the Action and/or are within the scope of the Release;

WHEREAS, the issues before the Court are complex and, if fully litigated, would likely result in protracted litigation, appeals, and continued uncertainty as to any outcome;

WHEREAS, the Parties have had the opportunity to evaluate their respective positions on the merits of the Action; and

WHEREAS, the Parties have agreed on all of the terms and conditions of this Settlement Agreement through extensive arm's-length negotiations between their respective counsel, and the assistance of a mediator (Hon. Morton Denlow (Ret.) of JAMS);

NOW THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the sufficiency of which is acknowledged herein, Plaintiff, for herself and as representative of the Settlement Class, and the Defendant Parties agree, subject to the approval by the Court of the Settlement, as follows:

# I.  <u>DEFINITIONS</u>

In addition to the terms defined above, the following terms are used in this Settlement Agreement:

1.01   "Action" means the action now captioned as *Evans v. American Power & Gas, LLC et. al.,* Civil Action No. 17-cv-515, now pending in the United States District Court for the Southern District of Ohio (Eastern Division).

1.02   "Agreement" or "Settlement Agreement" means this Settlement Agreement.

1.03    "AP&G" means defendant American Power & Gas, LLC.

1.04    "Attorney Fee/Litigation Cost Award" means the award(s), if any, made to Class Counsel by the Court, upon application pursuant to Paragraph 2.29 below.

1.05    "Benefit Check" means the negotiable check to be sent to those Class Members who shall receive the Consideration pursuant to Paragraphs 3.01 and 3.03 through 3.06 below.

1.06    "Claim Form" means the detachable postcard and electronic claim forms contemplated by this Agreement in the form agreed-to by the Parties and attached hereto as Exhibits C and E.

1.07    "Class" means the "Settlement Class."

1.08    "Class Counsel" means JB Hadden, Brian K. Murphy and Jonathan P. Misny (of Murray Murphy Moul Basil LLP), Anthony Paronich and Edward A. Broderick (of Broderick and Paronich, P.C.), and Samuel J. Strauss (of Turke and Strauss LLP).

1.09    "Class Member" means a member of the Settlement Class. The Parties agree that each subscriber or user of a unique cellular phone number on the Class Phone Number List shall constitute a single Class Member for purposes of this Agreement.

1.10    "Class Notice" means the mailed postcard notice of this Settlement and detachable Claim Form that is contemplated by this Agreement and attached hereto as Exhibit C.

1.11    "Class Period" means the period from June 14, 2013 to August 31, 2018.

1.12    "Class Phone Number List" means the list of 313,285 unique cellular telephone numbers associated with the Class Members.

1.13    "Consideration" means (a) the *pro rata* amount to be paid from the Settlement Amount to each Class Member who submits a Valid Claim Form in exchange for the Release, as described in Paragraphs 4.01 through 4.03 below, after payment of the Attorney Fee/Litigation Cost Award (if any), the Representative Plaintiff Award (if any), and the Settlement Administration Costs from the Settlement Amount.[2] Each Class Member who submits a Valid Claim Form shall receive the same amount of Consideration regardless of the number of calls made to the unique cellular phone number bringing the Class Member within the scope of this Settlement.

1.14    "Counsel for the Defendants" means Brooks R. Brown and W. Kyle Tayman (of Goodwin Procter LLP) and Elliot A. Hallak (of Harris Beach PLCC).

---

[2]    For illustrative purposes only, the Parties agree that, if the Settlement Amount Deduction is three million ($3,000,000) dollars and 100,000 Class Members submit a Valid Claim Form, then the Consideration paid to each such Class Member from the remaining three million ($3,000,000) dollar portion of the Settlement Amount shall be thirty ($30) dollars.

1.15 "Court" means the Honorable Edmund A. Sargus of the United States District Court for the Southern District of Ohio (Eastern Division) and/or such other judge of the same court to whom the Action, or any proceeding in the Action, may hereafter be assigned.

1.16 "CSS" means defendant Consumer Sales Solutions, LLC.

1.17 "Defendants" means:

    (a)    AP&G; CSS; AP&G Holdings, LLC; American Power & Gas of CA, LLC; American Power & Gas of CT, LLC; American Power & Gas of IL, LLC; American Power & Gas of MA, LLC; American Power & Gas of MD, LLC; American Power & Gas of ME, LLC; American Power & Gas of NJ, LLC; American Power & Gas of Ohio, LLC; American Power & Gas of Pennsylvania, LLC; American Power & Gas of TX, LLC; and CSS Columbia, SAS (collectively, the "AP&G and CSS Entities");

    (b)    all subsidiaries or affiliates of any of the AP&G and CSS Entities;

    (c)    all persons or entities for or on behalf of which any of the AP&G and CSS Entities made calls to a cellular telephone number of any Class Member bringing the Class Member within the scope of the Settlement Class; and

    (d)    all past, present and future predecessors, successors, assigns, affiliates, parents, subsidiaries, divisions, owners, shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives, and employees of each of the entities or persons in subparagraphs (a), (b), and (c) above.

1.18 "Defendant Parties" means AP&G and CSS.

1.19 "Final Approval" means the last date on which all of the following have occurred:

    (a)    The Court has issued all necessary orders under Fed. R. Civ. P. 23 approving of the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement, including the Final Approval Order;

    (b)    The Court enters a judgment, including as part of the Final Approval Order, (i) dismissing all claims in the Action with prejudice, and (ii) finally approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement;

    (c)    Either: (i) thirty-five (35) days have passed after entry of the Court's judgment finally approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement and within such time no appeal is taken after the Court's judgment and no motion or other pleading has been filed with the Court to set aside or in any way alter the judgment and/or orders of the Court finally approving of

the Settlement, or (ii) all appellate, reconsideration, or other forms of review and potential review of the Court's orders and judgment finally approving the Settlement are exhausted or become unavailable by virtue of the passage of time, and the Court's orders and judgment are upheld, or not altered in a manner that is substantially inconsistent with the judgment contemplated by subparagraph (b), whichever occurs later, provided that, and without limitation, any change or modification that may increase the Defendant Parties' liability, or not approve the use of a Claim Form, or reduce the scope of the Release, or reduce the scope of the Settlement Class shall prevent the occurrence of Final Approval at the sole option of the Defendant Parties; and

(d)   No Party with a right to do so has terminated the Agreement.

1.20   "Final Approval Date" means the date upon which Final Approval occurs.

1.21   "Final Approval Order" means the order and judgment of the Court approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice.

1.22   "Full Class Notice" means the long-form notice of this Settlement to be posted on the Settlement Website that is contemplated by this Agreement.

1.23   "Party" means Representative Plaintiff, AP&G, or CSS individually, and "Parties" means each of the Representative Plaintiff and the Defendant Parties, collectively.

1.24   "Plaintiff's Counsel" means (i) Brian K. Murphy and Jonathan P. Misny (of Murray Murphy Moul Basil LLP), Anthony Paronich and Edward A. Broderick (of Broderick and Paronich, P.C.), and Samuel J. Strauss (of Turke and Strauss LLP); (ii) any other law firms, professional legal corporations, partnerships, other entity or attorney that have represented or purport to represent Plaintiff or any Class Member with respect to matters within the scope of the Release; (iii) any law firm, professional legal corporation, partnership, or other entity or attorney that has or may claim to have a right to any attorneys' fees or costs in connection with the Action; and (iv) each partner, shareholder or other part or full owner of any of the foregoing.

1.25   "Preliminary Approval" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement, as contemplated by this Agreement.

1.26   "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

1.27   "Release" means the release set forth in Paragraphs 4.01 through 4.03 of this Agreement.

1.28   "Released Persons" shall mean AP&G, CSS, and each of the Defendants.

1.29   "Representative Plaintiff" or "Plaintiff" means plaintiff Karen Evans.

5

1.30    "Representative Plaintiff Award" means the award, if any, made to Representative Plaintiff by the Court upon application pursuant to Paragraphs 2.32 through 2.35 below.

1.31    "Second Check" means the second check (if any) potentially available to eligible Class Members under the circumstances described in Paragraph 3.09 of this Agreement.

1.32    "Settlement" means the resolution of the matters within the scope of the Release set forth herein, as embodied in Paragraphs 4.01 through 4.03 of this Agreement.

1.33    "Settlement Administration Costs" means the costs for administering the Settlement provided for herein to be paid exclusively from the Settlement Amount, including but not limited to the costs of identifying Class Members, mailing the Class Notice to the Class Members, administering and maintaining the Settlement Website for information about the Settlement and the submission of electronic Claim Forms, providing the Benefit Checks to Class Members who submit a Valid Claim Form and providing the Second Checks (if any) to eligible Class Members, but specifically excluding all class benefit payments, payments to the Representative Plaintiff, attorneys' fees and litigation costs.

1.34    "Settlement Administrator" means KCC, LLC or another *bona fide* person or entity in the business of class action settlement administration approved by the Court.

1.35    "Settlement Amount" means the maximum six million ($6,000,000) dollar total aggregate amount that the Defendant Parties will become obligated to pay by operation of the Settlement Agreement, subject to the provisions of Paragraphs 2.27 through 2.39 below, if it gains Final Approval, and includes and is limited to: (a) the Consideration to Class Members who submit a Valid Claim Form; (b) the Attorney Fee/Litigation Cost Award, if any, to Class Counsel; (c) the Settlement Administration Costs; and (d) the Representative Plaintiff Award, if any, to Representative Plaintiff.

1.36    "Settlement Amount Deduction" means all amounts potentially to be paid from the Settlement Amount (other than the Consideration to be paid by each Class Member who submits a Valid Claim Form), and includes and is limited to:  (a) the Attorney Fee/Litigation Cost Award, if any to Class Counsel; (b) the Settlement Administration Costs; and (c) the Representative Plaintiff Award, if any, to Representative Plaintiff.

1.37    "Settlement Class" means all persons in the United States who were the users or subscribers of a cellular telephone number identified on the Class Phone Number List to which the Defendants, themselves or through a third party, made a telephone call using the ViciDial technology between June 14, 2013 and August 31, 2018.  Plaintiff and the Defendant Parties agree that the Class Members include only those users or subscribers associated with the 313,285 unique cellular telephone numbers identified on the Class Phone Number List.

1.38    "Settlement Website" means the Internet website to be administered and maintained by the Settlement Administrator concerning the Settlement.

1.39    "Successful Opt-Out" means a person who, pursuant to Paragraph 2.08 and Fed. R. Civ. P. 23, timely and validly exercises his or her right to be excluded from the Settlement Class, but shall not include (a) persons whose requests for exclusion are disputed by the

6

Defendant Parties pursuant to Paragraphs 2.10 and 2.22 below, and the dispute is not overruled by the Court or withdrawn by the Defendant Parties, (b) persons whose communication is not treated as a request for exclusion pursuant to Paragraph 2.08, and (c) persons whose requests for exclusion are not valid or are otherwise void pursuant to Paragraphs 2.08 through 2.11.

1.40    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, including any subsequent amendments to that statute.

1.41    "Valid Claim Form" shall mean a Claim Form that:

(a)    is completely filled out (i) by the Class Member, or (ii) by a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those at issue in the Action;

(b)    contains the phone number and address of the Class Member;

(c)    contains information reflecting that, to the best of the Class Member's knowledge or belief, the cellular telephone number identified on the Claim Form belonged to the Class Member during the Class Period and the Class Member did not consent to receiving calls from the Defendant Parties on his or her cellular telephone;

(d)    is executed by the Class Member for whom the Claim Form is being submitted (or his, her, or their legal representative);

(e)    is timely, as judged by the fact that it is postmarked (if mailed to the Settlement Administrator) or time-stamped (if submitted to the Settlement Administrator via the Settlement Website) by the deadline set by the Court; and

(f)    is not successfully challenged.    A Claim Form shall be treated as successfully challenged under the standards set forth in Paragraph 2.22 below.

1.42    As used herein, the plural of any defined term includes the singular thereof and *vice versa*, except where the context requires otherwise.    All references to days shall be interpreted to mean calendar days, unless otherwise noted.    When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

1.43    Other terms are defined in the text of this Agreement, and shall have the meaning given those terms in the text.    It shall be the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Agreement.

## II.   SETTLEMENT PROCEDURES

A.   Preliminary Approval.

2.01   As soon as practical after the execution of this Settlement Agreement, Class Counsel, on behalf of the Settlement Class, shall move the Court for an order of Preliminary Approval substantially in the form of Exhibit A hereto (a) preliminarily approving the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate, including the material terms of this Agreement; (b) provisionally approving the Settlement Class for settlement purposes only; (c) setting a date for a final approval hearing ("Court Approval Hearing"); (d) approving the proposed Class Notice, Full Class Notice and Claim Form (postcard and electronic) in forms that are attached hereto as Exhibits C, D and E, respectively, and authorizing their dissemination to the Settlement Class; (e) approving the requirement that Class Members file a claim form in order to obtain the Benefit Check; (f) setting deadlines consistent with this Agreement for mailing of the Class Notice and Claim Form, the submission of Claim Forms, the filing of motions to intervene, the filing of objections, statements or other submissions by any person concerning the Settlement, the submission of requests for exclusion from the Settlement Class, and the filing of papers in connection with the Court Approval Hearing; (g) conditionally designating Representative Plaintiff as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class; (h) prohibiting all generalized notices or communications, whether by written correspondence, advertisements, Internet postings, or other media, to Class Members by the Parties about the Settlement or its terms other than as specifically authorized by this Agreement or approved by the Court; and (i) approving the Settlement Administrator.   The Defendant Parties agree not to oppose the entry of the Preliminary Approval Order, provided it is substantially in the form of Exhibit A hereto. Without implication of limitation, the Defendant Parties' agreement not to oppose the entry of the Preliminary Approval Order shall not be an admission or concession by Defendants (or any of them) that a class was appropriate in the Action or would be appropriate in any other matter, and/or that relief was appropriate in the Action or would be appropriate in any other matter.

B.   Administration.

2.02   In the event of Preliminary Approval, the Defendant Parties and the Settlement Administrator shall prepare the list of Class Members ("Class Member List"). To prepare the Class Member List, the Defendant Parties shall provide the Settlement Administrator with the Class Phone Number List, together with the names and/or addresses, if any, of the person(s) associated with the phone numbers on the Class Phone Number List in the Defendant Parties' reasonably available and accessible electronic records.   The Defendant Parties shall use reasonable good faith efforts to identify the mailing address for the person(s) associated with each phone number on the Class Phone Number List according to their records, but shall have no obligation to look beyond information obtainable from the Defendant Parties' readily searchable computer media in doing so. For any phone number on the Class Phone Number List as to which the Defendant Parties do not have a mailing address for a person(s), the Settlement Administrator shall perform a reverse look-up of the number through one or more vendors in an attempt to identify a mailing address for a person(s). After identifying mailing addresses through this process, the Settlement Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain

8

updates, if any, to the mailing addresses provided by the Defendant Parties and obtained by the Settlement Administrator through the reverse look-up process.

2.03     Within thirty (30) days after the Preliminary Approval Date, the Settlement Administrator shall mail the Class Notice to each Class Member for whom a mailing address has been obtained through the process described in Paragraph 2.02 above. The Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administrative costs. Neither the Defendant Parties nor the Settlement Administrator shall have any obligation to mail the Class Notice to any Class Member for whom no mailing address was identified through the process set forth in Paragraph 2.02 above.

2.04     Within thirty (30) days after the Preliminary Approval Date, the Settlement Administrator shall cause the Full Class Notice, Claim Form, and this Settlement Agreement to be made available on a dedicated settlement website to be named www.APG-TCPAsettlement.com (or another name mutually agreeable to the Parties) and administered by the Settlement Administrator.

2.05     If any Class Notice sent under Paragraph 2.03 above is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Other than as set forth above, the Defendant Parties and the Settlement Administrator shall have no other obligation to re-mail Class Notices. And, other than as set forth in this Section II of the Agreement, there shall be no other provision for notice of the Settlement.

2.06     The Parties will recommend that the Court Approval Hearing be scheduled for a date at least one-hundred twenty (120) days after the last date required under Paragraphs 2.03 and 2.04 for the mailing of the Class Notice.

2.07     The Class Notice shall direct Class Members to the Settlement Website for the Full Class Notice, information about how to submit a Claim Form, and additional information about the Settlement. The Claim Form shall also contain a detachable, postage pre-paid Claim Form addressed to the Settlement Administrator.

2.08     The Full Class Notice shall inform each Class Member of his or her right to request exclusion from the Settlement Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Full Class Notice ("Opt-Out Period"), the Class Member personally completes and mails a request for exclusion ("Opt-Out") to the Settlement Administrator at the addresses set forth in the Full Class Notice. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to

the benefits of the Settlement. The Parties will recommend that the Opt-Out period shall expire no less than twenty-one (21) days before the Court Approval Hearing, and that Opt-Outs postmarked after the expiration of the Opt-Out Period shall not be treated as a successful Opt-Out.

2.09    No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) to opt-out more than one Class Member on a single paper, or as an agent or representative; any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member.

2.10    At the expiration of the Opt-Out Period, Class Counsel, Counsel for the Defendants and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from a Class Member is a request to opt-out. The Defendant Parties or Class Counsel may dispute an Opt-Out or purported Opt-Out, and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in Paragraph 2.22 below. The Parties further agree that the identification any person on the list of Successful Opt-Outs is not and shall not be construed as an admission or conclusion by Plaintiff, Plaintiff's Counsel, the Defendant Parties and/or Counsel for the Defendants that such person is a member of the Settlement Class.

2.11    Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting-out as may be contained in this Agreement, in the Full Class Notice and otherwise as ordered by the Court, or who is not a Successful Opt-Out shall be bound by this Agreement, this Settlement and the Release, as embodied in Paragraphs 4.01 through 4.03 of this Settlement Agreement. If a Class Member is a Successful Opt-Out, then that Class Member shall be excluded from the Settlement, and shall not receive any benefits of the Settlement, including the Consideration, and will not be bound by the terms of this Settlement Agreement. Any Class Member who is a Successful Opt-Out shall have no standing to object to the Settlement.

2.12    No Class Member may assign or delegate to any individual or entity the right to receive a Benefit Check or to submit a Claim Form on behalf of the Class Member. If a Class Member assigns or delegates such right, the Claim Form submitted by or on behalf of that Class Member shall be null and void. Nothing herein shall preclude a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member from receiving the Consideration or submitting a Claim Form on behalf of a Class Member.

2.13    Claim Forms shall be returned or submitted to the Settlement Administrator by the deadline set by the Court and set forth in the Full Class Notice or be forever barred. In the event that a Class Member is unable to execute a Claim Form in accordance with Paragraph 1.41 above and there is no person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of such a Class Member with respect to a claim or right such as those in the Action, a statement executed under penalty of perjury explaining the reason(s) the Class Member is unable to execute the Claim Form (*e.g.*, death, divorce, overseas

10

military service) may be returned or submitted with the Claim Form. In the event and only in the event of the submission of such statement with a Claim Form meeting all the criteria for a Valid Claim Form set forth in Paragraph 1.41 except for the execution requirement in Paragraph 1.41(d), the Settlement Administrator shall have discretion to treat the Claim Form as a Valid Claim Form.

2.14    Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must, within such time as is ordered by the Court and contained in the Full Class Notice, mail or hand-deliver a written objection to the Settlement ("Objection") to Class Counsel and Counsel for the Defendants, at the addresses set forth in the Class Notice, and mail or hand-deliver the Objection simultaneously to the Court. Each Objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) identify the cellular telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the specific legal and factual basis for the objection; (f) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and (g) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Objections may be filed by counsel for a Class Member. Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Full Class Notice and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement in the absence of approval by the Court.

2.15    The Parties will recommend that all Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to Class Counsel and Counsel for the Defendants no less than twenty-one (21) days before the Court Approval Hearing.

2.16    Any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must, within the time set by the Court and contained in the Full Class Notice, mail or hand-deliver to the Court a notice of appearance in the Action, take all other actions or make any additional submissions as may be required in the Class Notice or as otherwise ordered by the Court, and mail the notice and other pleadings to Class Counsel and Counsel for the Defendants as provided in the Full Class Notice. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Agreement, the Full Class Notice, and as otherwise ordered by the Court shall be barred from appearing at the Court Approval Hearing.

2.17    The Parties will recommend that any Class Member who wishes to appear at the Court Approval Hearing should be required to take each action required under Paragraph 2.16 no less than twenty-one (21) days before the Court Approval Hearing.

2.18    Any Class Member who wishes to file a motion or otherwise seek relief from the Court in the Action must, within such time as is ordered by the Court and contained in the Full Class Notice, mail or hand-deliver to the Court a written motion or application to do so, and contemporaneously mail or hand-deliver it to Class Counsel and Counsel for the Defendants.

11

2.19    The Parties will recommend that all motions or applications, by or on behalf of Class Members, should be mailed and/or hand-delivered to the Court, Class Counsel, and Counsel for the Defendants no less than twenty-one (21) days before the Court Approval Hearing.

2.20    Unless the Court directs otherwise, the dates set forth in the Full Class Notice shall govern the rights of the Class Members.

2.21    The Class Notice and Full Class Notice shall provide that the Claim Form shall be returned by mail or submitted through the Settlement Website to the Settlement Administrator by a deadline set by the Court, or be forever barred.  The Parties will recommend that the deadline for the return or submission of Claim Forms to the Settlement Administrator should be twenty-one (21) days before the date for the Court Approval Hearing Date originally set by the Court.

2.22    (A)    The Settlement Administrator shall determine whether a Claim Form meets the definition of Valid Claim Form.

(B)    Within fifteen (15) business days of the deadline set by the Court for the return or submission of a Valid Claim Form (or within such additional time as the Parties may agree or the Court may permit), the Defendant Parties may, themselves or through Counsel for the Defendants, challenge any claims determined to be valid by the Settlement Administrator as not meeting the definition of Valid Claim Form, by any form of written notice to Class Counsel ("Disputed Claims").  Such notice of Disputed Claims shall void any Disputed Claim unless Class Counsel disputes the challenge, in good faith, and in writing to Counsel for the Defendants within fifteen (15) business days of the receipt of notice of Disputed Claims (or within such additional time as the Parties may agree or the Court may permit).

(C)    Within fifteen (15) business days of the deadline set by the Court for the return or submission of a Valid Claim Form (or within such additional time as the Parties may agree or the Court may permit), Plaintiff, either herself or through Class Counsel, may challenge any claims determined to be Invalid by the Settlement Administrator as meeting the definition of a Valid Claim Form by any form of written notice to the Settlement Administrator and Counsel for the Defendants ("Disputed Invalid Claims").  Such notice of Disputed Invalid Claims shall void a determination of an invalid claim unless Counsel for the Defendants disputes the challenge in good faith, and in writing, to Class Counsel within fifteen (15) business days of receipt of the Disputed Invalid Claim (or within such additional time as the Parties may agree or the Court may permit).

(D)    The Court shall retain jurisdiction to resolve Disputed Claims and Disputed Invalid Claims.  The Parties agree that any decision by the Defendant Parties not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against Defendant in any proceeding.

2.23    Settlement administration shall be conducted by the Settlement Administrator, including by some combination of the Defendant Parties' personnel, a third-party administrator and/or other persons or entities engaged by the Defendant Parties or the Settlement

Administrator to provide services in connection with the administration services in connection with Class Member identification or Class Member address identification or updating.

2.24    The Settlement Administration Costs shall be paid exclusively from the Settlement Amount.

2.25    For a period of one hundred twenty (120) days after the Final Approval Date, the Settlement Administrator shall maintain an address to receive (a) Claim Forms that are returned or submitted, whether valid or not, and (b) other inquiries with respect to the Settlement. The Parties, Class Counsel, and the Settlement Administrator shall, subject to the provisions of Paragraph 5.06 below and any order of the Court, have the right to respond to verbal inquiries initiated by individual Class Members concerning the Settlement at any time.

2.26    The Defendant Parties shall provide, or cause the Settlement Administrator to provide on the Defendant Parties' behalf, notice of the Settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715. The Parties agree that the Defendant Parties are permitted to provide such notice as required by law and that any notice by the Defendant Parties shall be done to effectuate the Settlement and shall not be considered a breach of this Agreement or any other agreement of the Parties.

C.    Final Approval.

2.27    At the time appointed by the Court, Representative Plaintiff and Class Counsel shall move the Court for a Final Approval Order substantially in the form of Exhibit B hereto (a) finally approving the Settlement as fair, reasonable, and adequate; (b) giving the terms of the Settlement final and complete effect; (c) finally certifying the Settlement Class; (d) finding that all requirements of Fed. R. Civ. P. 23, and any other applicable statute, rule, or state and/or federal Constitution, necessary to effectuate this Settlement have been met and satisfied; (e) otherwise entering final judgment of dismissal on the merits and with prejudice in the Action. The Defendant Parties agree not to oppose the entry of the Final Approval Order, provided it is substantially in compliance with the form of Exhibit B hereto. Without implication of limitation, the Defendant Parties' agreement not to oppose the entry of the Final Approval Order shall not be an admission or concession by the Defendants (or any of them) that a class was appropriate in the Action or would be appropriate in any other matter, and/or that relief was appropriate in the Action or would be appropriate in any other matter.

2.28    The Final Approval Order, or a separate order, shall be entered providing that all Class Members (who are not Successful Opt-Outs), including Representative Plaintiff, Class Counsel and Plaintiff's Counsel shall be enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release and judgment in the Action. Nothing in this Paragraph shall be construed to preclude Representative, Plaintiff's Counsel, and/or Class Members from bringing, joining, assisting in, or continuing to prosecute existing or future claims against the Defendant Parties and/or any Released Person that were not released as part of the Settlement.

13

2.29    No later than thirty-five (35) days before the Court Approval Hearing, Representative Plaintiff and Class Counsel may, subject to the limitations set forth in this Paragraph and Paragraph 2.30 below, make written application to the Court for an award attorneys' fees and actual litigation costs incurred in the prosecution of the Action to be paid from the Settlement Amount. The application shall not request an award of attorneys' fees from the Settlement Amount in excess of two million ($2,000,000) dollars or seek an amount for litigation costs greater than those actually incurred by Class Counsel in the prosecution of this Action. The Parties agree that the Court (and only the Court) shall determine the amount, if any, of the Attorney Fee/Litigation Cost Award in this Action.

(A)    Class Counsel agrees that any application for attorneys' fees made pursuant to this Paragraph will not seek an amount, in the aggregate, in excess of two million ($2,000,000) dollars.

(B)    Class Counsel agree that any application for litigation costs made pursuant to this Paragraph will only seek reimbursement of litigation costs actually incurred by Class Counsel in the prosecution of the Action.

(C)    The Attorney Fee/Litigation Cost Award, if any, made by the Court upon application pursuant to this Paragraph 2.29 above shall be paid from, and not in addition to, the Settlement Amount.

(D)    In the event the Court's Attorney Fee/Litigation Cost Award (if any) awards attorneys' fees in amount less than two million ($2,000,000) dollars or litigation costs less than those actually incurred by Class Counsel in the prosecution of the Action, the difference between amounts applied for and awarded shall remain as part of the Settlement Amount.

(E)    In the event that the Court's Attorney Fee/Litigation Cost Award (if any) awards attorneys' fees in excess of two million ($2,000,000), whether that amount is to be paid from the Settlement Amount or any other source (including Class Member distributions) or by the Defendant Parties or any other person or entity, Representative Plaintiff and Class Counsel expressly disclaim and hereby release any and all right to collect the amount awarded by the Court in excess of two million ($2,000,000) dollars from any person or entity, including the Defendant Parties and Released Persons.

(F)    In the event that the Court's Attorney Fee/Litigation Cost Award (if any) awards litigation costs in excess of those incurred by Class Counsel in the prosecution of the Action, whether that amount is to be paid from the Settlement Amount or any other source (including Class Member distributions) or by the Defendant Parties or any other person or entity, Representative Plaintiff and Class Counsel expressly disclaim and hereby release any and all right to collect the amount awarded by the Court in excess of those litigation costs actually incurred by Class Counsel in the prosecution of the Action from any person or entity, including the Defendant Parties and Released Persons.

(G)    Representative Plaintiff and Class Counsel expressly disclaim any and all right to collect any portion of the Attorney Fee/Litigation Cost Award, if any, from any source other than the Settlement Amount.

(H)    In the event the Court's Attorney Fee/Litigation Cost Award finally approved by the Court is less than the amount applied for attorneys' fees or litigation costs, no other relief may be sought from the Court, so as to increase the Award or make up some or all of the shortfall.

2.30    The Defendant Parties shall have no liability to (a) Class Counsel, (b) Plaintiff's Counsel, (c) any attorney or law firm associated with Class Counsel or party to any agreement (written or oral) with Class Counsel with respect to the prosecution of this Action, and/or (d) any other person or entity for attorneys' fees or actual litigation costs relating to the Action and/or the Settlement other than as provided for in this Agreement.

2.31    No later than thirty-five (35) days before the Court Approval Hearing, Representative Plaintiff and Class Counsel may, subject to the limitations set forth in Paragraphs 2.32, 2.33, and 2.34 below, make written application to the Court for a Class Representative Award in an aggregate amount not to exceed ten thousand ($10,000) dollars to be paid to Representative Plaintiff for her service as a class representative in the Action. To the extent approved, such an award shall be paid exclusively from, and not in addition to, the Settlement Amount.

2.32    Representative Plaintiff and Class Counsel agree that any application made pursuant to Paragraph 2.31 above will not seek an aggregate amount in excess of ten thousand ($10,000) dollars to be paid to Representative Plaintiff exclusively from, and not in addition to, the Settlement Amount. The Parties agree that the Court (and only the Court) shall determine the amount, if any, of the Class Representative Award in this Action.

2.33    Representative Plaintiff and Class Counsel understand and agree that the Court may deny the application for a Class Representative Award or award an amount less than ten thousand ($10,000) dollars. Representative Plaintiff further agrees that her agreement to this Settlement is not conditioned upon the possibility of receiving a Class Representative Award in any amount, and represents that she supports this Settlement even in the absence of a Class Representative Award. Representative Plaintiff and Class Counsel agree that the application for the Class Representative Award will be based upon the work performed by, and risks undertaken by, Representative Plaintiff in the prosecution of this Action. Representative Plaintiff and Class Counsel further agree and represent that the filing of an application for a Class Representative Award is not a condition of Representative Plaintiff's decision to support the Settlement or to provide testimony in support of the Settlement.

2.34    The Defendant Parties shall not be obligated to pay any Representative Plaintiff Award that is in excess of ten thousand ($10,000) dollars. In the event that the Court's Representative Plaintiff Award (if any) exceeds ten thousand ($10,000) dollars, whether that amount is to be paid from the Settlement Amount or any other source (including Class Member distributions) by the Defendant Parties or any other person or entity, Representative Plaintiff and Class Counsel expressly disclaim and hereby release any and all right to collect in excess of ten thousand ($10,000) dollars to Representative Plaintiff in a Representative Plaintiff Award from any person or entity.

2.35    In the event that the Court denies, in whole or in part, (a) any application made by Class Counsel pursuant to Paragraph 2.29 above; and/or (b) any application made by Representative Plaintiff and Class Counsel pursuant to Paragraph 2.31 above, the remainder of the terms of this Agreement shall remain in effect and such denial or partial denial shall not provide any basis for Class Counsel or Representative Plaintiff to seek to terminate or void this Agreement.

2.36    At the Court Approval Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the entry of a Final Approval Order, and shall present such evidence as they deem appropriate to support any applications for an Attorney Fee/Litigation Cost Award and/or a Representative Plaintiff Award.

2.37    The Parties and Class Counsel agree that Representative Plaintiff and Class Counsel will submit to Counsel for the Defendant drafts of any motions, memoranda, or other materials Plaintiff and/or Class Counsel intends to submit to the Court at least three (3) business days prior to the date any such motion, memoranda, or other materials are to be filed with the Court. The Defendant Parties shall have the right to suggest reasonable, good faith comments on such motions, memoranda, or other materials to the extent it deems necessary, in its sole discretion, to protect its interests in the Settlement.

2.38    If and when the Court gives Final Approval to the Settlement, the Action shall be dismissed with prejudice, with the Parties to bear her and its own costs and attorneys' fees not otherwise awarded.

## III.    SETTLEMENT BENEFITS

3.01    Subject to the terms and conditions of this Agreement, if a Class Member submits a Valid Claim Form and the Court enters the Final Approval Order, then the Class Member shall receive a Benefit Check in the amount of the Consideration. The Benefit Checks available to Class Members, as well as the Defendant Parties' payment from the Settlement Amount of (a) the Attorney Fee/Litigation Cost Award, if any, (b) the Representative Plaintiff Award, if any, (c) the Settlement Administration Costs, and (d) other benefits in this Agreement, shall be the sole benefits in exchange for the Release and consideration for this Settlement. Notwithstanding any judgment, principle or statute, there shall be no interest accrued, owing or paid on the Consideration, or on the Settlement Amount, or on any other benefit available (or potentially available) under this Agreement.

3.02    Subject to the terms and conditions of the Agreement, within fifteen (15) business days after the Final Approval Date, the Defendant Parties shall establish and fund a settlement account ("Settlement Account") in the full amount of the Settlement Amount minus the amount of any Settlement Administration Costs paid by them prior to that date.

3.03    Subject to the terms and conditions of the Agreement, within thirty (30) business days after the Final Approval Date, the Settlement Administrator shall mail or otherwise provide a Benefit Check in the amount of the Consideration to each Class Member: (a) who is not a Successful Opt-Out; (b) who has returned or submitted a Valid Claim Form; and (c) with respect to whom a dispute does not remain outstanding regarding the validity of the Claim Form. The

Benefit Checks shall be paid solely from (and not in addition to) the Settlement Amount, be drawn upon the Settlement Account, and be mailed to the address provided by the Class Member on a Valid Claim Form. If a Class Member fails to provide an address on the Valid Claim Form, then the Settlement Administrator shall mail the Benefit Check to the Class Member at the address, if any, on the Class Member List. All Benefit Checks issued pursuant to this Paragraph shall be void if not negotiated within sixty (60) calendar days of their date of issue, and shall contain a legend to that effect. Benefit Checks issued pursuant to this Paragraph that are not negotiated within sixty (60) calendar days of their date of issue shall not be reissued. Further, the value of all Benefit Checks issued pursuant to this Paragraph that are unclaimed by Class Members, including all returned Benefit Checks and all Benefit Checks not negotiated within sixty (60) calendar days of their date of issue, shall be retained as part of the Settlement Amount and distributed by the Settlement Administrator pursuant to Paragraph 3.09 below.

3.04    No Class Member shall be entitled to the Benefit Check unless the Class Member submits a Valid Claim Form and is not a Successful Opt-Out. If a Class Member is a Successful Opt-Out, then that Class Member shall be excluded from the Settlement, shall not receive any benefits of the Settlement, and will not be bound by the terms of this Settlement Agreement.

3.05    The Settlement Administrator shall distribute only one Benefit Check to each Class Member who submits a Valid Claim Form with respect to a unique telephone number on the Class Phone Number List. In cases where a Class Member is identified on the Class Member List as more than one person, the Benefit Check shall be made payable to the Class Member jointly. The Defendant Parties and the Settlement Administrator shall, however, have no liability to any person or entity arising from any claim regarding the division of the value of a Benefit Check between and among the persons who comprise a Class Member or between and among the Class Member and any other persons or entities associated with or connected to the unique cellular telephone number bringing the Class Member within the scope of this Settlement.

3.06    No Class Member whose claim is disputed shall be entitled to receive a Benefit Check during the pendency of the dispute. If the Disputed Claim is ultimately resolved favorably to the Class Member, then the Settlement Administrator shall distribute the Benefit Check to the Class Member within a reasonable time after such resolution.

3.07    Subject to the terms and conditions of this Agreement, within five (5) business days after the Final Approval Date, and only in the event that the Court has made an Attorney Fee/Litigation Cost Award to Class Counsel, the Settlement Administrator shall distribute from the Settlement Amount the amount of any Attorney Fee/Litigation Cost Award (up to a maximums set forth in Paragraph 2.29 above) to Class Counsel according to written instructions provided by Class Counsel to the Settlement Administrator within fifteen (15) days of Final Approval. In the absence of such instructions or in the event of conflicting instructions from Class Counsel, said distribution shall be made from the Settlement Account and paid jointly to Class Counsel by single check made payable to Broderick and Paronich, P.C. The Defendant Parties shall have no liability arising from any claim regarding the division of any Attorney Fee/Litigation Cost Award between and among Plaintiff's Counsel or other lawyers or law firms.

3.08    Subject to the terms and conditions of this Agreement, within five (5) business days after the Final Approval Date, and only in the event the Court has made a Representative

17

Plaintiff Award to Representative Plaintiff, the Settlement Administrator shall distribute from the Settlement Amount the amount of the Representative Plaintiff Award (up to a maximum of ten thousand ($10,000) dollars) to Representative Plaintiff according to written instructions provided by Class Counsel to the Settlement Administrator within fifteen (15) days of Final Approval. In the absence of such instructions or in the event of conflicting instructions from Class Counsel, said distribution shall be made from the Settlement Account and paid by check payable to the Representative Plaintiff and delivered to Class Counsel, c/o Mr. Broderick at Broderick and Paronich, P.C. The Defendant Parties shall have no liability to the Representative Plaintiff or Class Counsel arising from any claim regarding the delivery or payment of the Representative Plaintiff Award by Class Counsel to Representative Plaintiff.

3.09    Subject to the terms and conditions of this Agreement, the Settlement Administrator shall, within seventy-five (75) days after the mailing of all Benefit Checks issued pursuant to Paragraph 3.03 of this Agreement, (a) calculate the value of all unclaimed and uncashed Benefit Checks; (b) determine number of Class Members who timely negotiated the Benefit Check; (c) calculate the administration costs of mailing a Second Check to each Class Member who timely negotiated the Benefit check; (d) deduct the amount of said administration costs from the aggregate amount of the unclaimed and uncashed Benefit Checks to determine the remaining amount; and (e) divide the remaining amount by the number of Class Members who timely negotiated the Benefit Check to determine a *pro rata* share of the value of unclaimed and uncashed Benefit Checks for the Class Members who timely negotiated a Benefit Check. In the event that *pro rata* share is two dollars and fifty cents ($2.50) or greater, then the Settlement Administrator shall distribute a Second Check, in the *pro rata* share amount, to each Class who timely negotiated the Benefit Check. This Second Check shall be paid solely from (and not in addition to) the remaining portion of the Settlement Amount, be drawn upon the Settlement Account, and be mailed to the same address for each eligible Class Member as his, her, or their Benefit Check. The Second Checks issued pursuant to this Paragraph shall be void if not negotiated within sixty (60) calendar days of their date of issue, and shall contain a legend to that effect. In addition, all Second Checks issued pursuant to this Paragraph that are not negotiated within sixty (60) calendar days of their date of issue shall not be reissued. In the event that any Second Checks are unclaimed or uncashed after sixty (60) days from their date of issue, the Settlement Administrator shall distribute the value of such unclaimed or uncashed checks from the remaining Settlement Amount to Ohio Legal Aid or another similar non-profit organization mutually-agreed upon by the Parties and approved by the Court for use only in providing education to consumers concerning telecommunication privacy laws.

3.10    The Settlement Administrator's and the Defendant Parties' respective obligations with respect to the distribution of Benefit Checks, the Settlement Administration Costs, the Attorney Fee/Litigation Cost Award, if any, the Representative Plaintiff Award, if any, the Second Checks, if any, and the amount of unclaimed and uncashed Second Checks, if any, shall be performed reasonably and in good faith. So long as they do, the Defendant Parties and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release (as embodied in Paragraphs 4.01 through 4.03 of this Agreement) and any judgment shall be effective as of the Final Approval Date as to the Representative Plaintiff, Class Counsel, and every Class Member notwithstanding any such error and regardless of whether such error is corrected.

3.11    In the event that a bankruptcy trustee or bankruptcy court orders, requests or demands that the Class Member pay the Consideration or the amount of the Second Check, if any, to the trustee or to the court, the Class Member shall inform the Defendant Parties and the Settlement Administrator of the order, request or demand and comply therewith without contesting it, unless the Defendant Parties object.

3.12    The Parties acknowledge and agree that the Defendant Parties have consistently contended from the beginning of settlement negotiations to the present, and have stated unequivocally throughout the negotiations that it would not have entered into this Agreement, and would not have provided benefits to the Settlement Class, if (among other terms) their total financial obligation under this Agreement, including all class benefit payments, was not limited to a maximum of six million ($6,000,000) dollars.  The Parties further acknowledge and agree that the terms of this Agreement are more favorable to the Settlement Class because of this limitation.

3.13    All monies that might be paid or payable to any Class Member under this Settlement are not vested, and are not otherwise monies in which the Class Member has an enforceable legal, tangible or intangible interest, but instead such monies shall remain the sole and exclusive property of the Defendant Parties unless and until all conditions precedent to payment under this Agreement are met and the monies are paid and negotiated.  In order to give effect to the Parties' intention, no person, entity, or governmental body shall have any rights to all or any part of the Settlement Amount, the Consideration, the Benefit Checks (whether claimed or unclaimed) or the Second Checks (whether claimed or unclaimed), in any amounts of uncashed (or unclaimed) Benefit Checks or Second Checks.  The Defendant Parties shall be entitled to all interest on the funds available to pay the Benefit Checks or Second Checks until any such amounts are paid to and collected by a Class Member.  The Parties further acknowledge and agree that, to the extent a separate account or fund may be established as part of settlement administration, including but not limited to an account for the payment of Benefit Checks or Second Checks, such accounts or funds are for administrative or legal convenience or requirements only and do not create any vested or ownership interest on the part of the Settlement Class or any Class Member.  Such accounts or funds set up by the Defendant Parties, the Settlement Administrator and/or Counsel for the Defendants shall be treated as property of the Defendant Parties.

3.14    The maximum aggregate amount the Defendant Parties shall be obligated to pay under this Agreement, if it gains Final Approval, is limited to the Settlement Amount.  The Parties further agree that, in the event a court determines or otherwise issues an order or opinion that there should be any money paid from the Settlement Amount, or from any other source, by the Defendant Parties other than to (a) eligible Class Members (who are not Successful Opt-Outs); (b) Class Counsel, as an Attorney Fee/Litigation Cost Award ordered by the Court; (c) Representative Plaintiff, as a Class Representative Award ordered by the Court; and (d) the Settlement Administrator for Settlement Administration Costs, this Settlement and Agreement shall be void at the option of the Defendant Parties.

## IV.   RELEASE

4.01   Upon Final Approval, and in consideration of the promises and covenants set forth in this Settlement Agreement, Representative Plaintiff and each Class Member whose phone number appears on the Class Member List and is not a Successful Opt-out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), and Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will completely release and forever discharge the Defendants, as that term is defined in Paragraph 1.17 above, from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind for calls made concerning the goods or services of the Defendants, including without limitation (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action; (b) the cellphone provision (47 U.S.C. § 227(b)(1)(A)(iii)) of the TCPA, and any other laws similar in coverage or intent to that provision of the TCPA; (b) attorneys' fees and costs of any kind or nature, by statute or otherwise, except as provided in the Settlement Agreement; (c) calls, text messages, or other communications by Defendants or any of the Released Persons to any telephone number(s) appearing on the Class Phone Number List and subscribed to or used by the Representative Plaintiff or any Class Member at any time prior to August 31, 2018; (d) the use or purported use by any or all of the Defendants of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make "calls" to any number appearing on the Class Phone Number List; (e) statutory or common law claims predicated upon any alleged violations of the cellphone provision of TCPA and any other law similar in coverage or intent to the cellphone provisions of the TCPA, including without limitation any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; and (f) the negotiation, execution and delivery of the Settlement Agreement.

4.02   The Representative Plaintiff and the Releasing Persons expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Paragraph 4.01 above. Section 1542 of the California Civil Code reads:

Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Plaintiff and each of the Releasing Persons acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of this Settlement Agreement, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by the Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03    Upon Final Approval, Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), will unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge the Defendant Parties and the Released Persons from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided in the Settlement Agreement.

## V.    REPRESENTATIONS AND WARRANTIES

5.01    In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. P. 23. Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Representative Plaintiff and Class Counsel represent and warrant to the Defendant Parties that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of this Agreement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes the obligation to (a) oppose nonmeritorious objections and to defend the Agreement and the Settlement before the Court and on appeal, if any; (b) seek approval of this Agreement and of the Settlement by the Court; (c) move for the entry of the orders identified in Paragraphs 2.01 and 2.27 above; and (d) join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by the Defendant Parties, subject to Representative Plaintiff's consent, not to be unreasonably withheld or delayed.

5.02    Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, the Defendant Parties represent and warrant to Representative Plaintiff and Class Counsel that they will take appropriate steps in the Action necessary to preserve the jurisdiction of the Court, and

take or join in such other steps as may be reasonably necessary to implement this Agreement and to effectuate the Settlement.

5.03    Representative Plaintiff and Class Counsel represent and warrant that any Attorney Fee/Litigation Cost Award they may seek upon application to the Court pursuant to Paragraph 2.29 above shall include all attorneys' fees and litigation costs that Representative Plaintiff, Plaintiff's Counsel, and any of the current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees, and affiliates of Plaintiff's Counsel and Class Counsel, seek or may have any right or claim to in connection with the Action and the Released Rights.

5.04    Representative Plaintiff and Class Counsel represent and warrant that other than "Plaintiff's Counsel," as that term is defined above, there are no persons (natural or legal) having any interest in any award of attorneys' fees, expenses or litigation costs in connection with the Action. Class Counsel further represent and warrant to the Defendant Parties that they have the authority to execute this Agreement on behalf of themselves and Plaintiff's Counsel, and thereby to bind themselves and Plaintiff's Counsel to all terms and conditions of this Agreement, and, subject to Court approval, to bind all Class Members to the terms and conditions of this Agreement.

5.05    Representative Plaintiff, Class Counsel, and the Defendant Parties represent and warrant that he, she, it or they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party, entity, or other person(s) covenants, warrants, and represents that he, she, or it has been fully authorized to do so by that Party, entity, or other person(s). Representative Plaintiff, Class Counsel, and the Defendant Parties represent and warrant that he, she, it or they intend to be bound fully by the terms of this Agreement.

5.06    Representative Plaintiff, Class Counsel (for themselves and Plaintiff's Counsel), and the Defendant Parties represent and warrant that they have not, nor will they, unless expressly authorized to do so by the terms of this Agreement, (a) attempt to void this Agreement in any way; (b) opt-out of the Settlement under this Agreement; (c) solicit or encourage in any fashion Class Members to Opt-Out; or (d) solicit or encourage in any fashion any effort by any person (natural or legal) to object to the Settlement under this Agreement. Nothing herein shall prohibit Class Counsel from responding to any Class Member inquiry with advice that Class Counsel deems appropriate given the Class Member's individual circumstances. Nor shall anything herein prohibit the Defendant Parties from responding to any Class Member inquiry by directing the Class Member to Class Counsel and/or publicly-available information concerning the Settlement.

5.07    Class Counsel and Plaintiff's Counsel represent and warrant that, as of the date of this Agreement, they have no current intention or plan to seek out or solicit persons to pursue class claims against Defendants with respect to matters within the scope of the Release, as embodied in Paragraphs 4.01 through 4.03 above. Nothing in this Paragraph shall limit any future advertising by Class Counsel and Plaintiff's Counsel and any term in this Paragraph prohibited by any applicable rule of professional conduct shall be deemed not to apply to Class Counsel and Plaintiff's Counsel.

5.08   Class Counsel and Plaintiff's Counsel represent and warrant that they do not represent any current client (other than Mary Weaver or Chuck Zuck) with any claim against any Released Person that has, as of the date of this Agreement, not been filed and served upon the Released Person.

5.09   Representative Plaintiff and Plaintiff's Counsel represent and warrant that, following the Final Approval Date, they will comply with the terms of the Protective Order (Dkt. No. 39) entered by the Court in the Action relating to the return or destruction of all documents and other discovery materials designated as Confidential by the Defendant Parties. Representative Plaintiff and Plaintiff's Counsel further represent and warrant that they will not use or seek to use (a) the discovery obtained in the Action and/or (b) the fact or content of the Settlement in this Action or in any other claim, action or litigation against any Released Person (excepting only actions to enforce or construe this Agreement).

5.10   The Defendant Parties represent and warrant that, following the Final Approval Date, it will comply with the terms of the Protective Order entered by the Court (Dkt. No. 39) in the Action relating to the return or destruction of all documents and other discovery materials designated as Confidential by Plaintiff.  The Defendant Parties further represent and warrant that they will not use or seek to use (a) the discovery obtained in the Action and/or (b) the fact or content of the Settlement, in this Action or in connection with any other claim, action or litigation against Representative Plaintiff (excepting only actions to enforce or construe this Agreement).

5.11   Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, the Defendant Parties represent and acknowledge to Representative Plaintiff that the Defendant Parties will not oppose the Settlement, Preliminary Approval and/or Final Approval, provided that the Preliminary Approval Order and Final Approval Order sought by Plaintiffs and Class Counsel are substantially in the forms of Exhibits A and B hereto, respectively.

5.12   If any person, legal or natural, breaches the terms of any of the representations and warranties in this section, the Court shall retain jurisdiction over this matter to entertain actions by a Party against such person for breach and/or any Party's request for a remedy for such breach.

## VI.   MISCELLANEOUS PROVISIONS

6.01   Except as specified herein, this Agreement and the Settlement provided for herein shall not be effective until the Final Approval Date.  Until that time, and except as otherwise specifically provided for in this Agreement with respect to the payment of the Initial Settlement Administration Costs Disbursement, the Defendant Parties shall have no obligation to pay or set aside any monies due or potentially due under the terms of this Agreement.

6.02   This Agreement reflects, among other things, the compromise and settlement of disputed claims and defenses among the Parties hereto, and nothing in this Agreement or any action taken to effectuate this Agreement is intended to be an admission or concession of liability

of any Party or third party or of the validity of any claim.  The Defendant Parties deny the allegations in the Action, and contend that their conduct has been lawful and proper.

6.03    This Agreement is entered into only for purposes of settlement.  In the event that Final Approval of this Agreement and this Settlement does not occur for any reason, this Agreement shall become null and void.  In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose.  In addition, in that event, the status of the Action shall revert to the state it was in prior to settlement, the pleadings shall revert to that date, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification, and the Parties shall have all rights, claims and defenses that they had or were asserting as of the date of this Agreement.

6.04    Nothing shall prevent Representative Plaintiff and/or the Defendant Parties from appealing any denial by the Court of Final Approval of this Settlement, and the Parties agree that, in the event of such an appeal, the case will be stayed pending the resolution of any such appeal.   The Parties agree they will continue to support and advocate for approval of the Settlement on appeal or in post-appeal proceedings, if there is such an appeal, to the same extent as they are bound herein to do so while the Action is before the Court.   In the event such an appeal results, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order.

6.05    The Parties agree that all negotiations, statements, proceedings, and other items related to this Agreement are for settlement purposes only, and shall not be offered or be admissible in evidence by or against any other Party or cited or referenced by Plaintiff's Counsel or the Defendant Parties in any other action or proceeding against the Defendant Parties or Plaintiff.

6.06    This Agreement shall be terminable at the option of the Defendant Parties (a) if more than two hundred (200) Class Members become Successful Opt-Outs; (b) in the event the Court fails to enter the orders contemplated by Paragraphs 2.01 and 2.27 above, or does so in a form materially different from the forms contemplated by this Agreement; (c) if the Agreement becomes null and void in accordance with Paragraph 6.03 above; (d) if the Court fails to approve this Agreement as written and agreed to by the Parties, including but not limited to a failure to approve the Preliminary Approval Order or the Final Approval Order; and (e) if the Attorney Fee/Litigation Cost Award and/or Class Representative Award, if any, made by the Court is greater than the maximum amount of each award Class Counsel and Representative Plaintiff may apply for under Paragraphs 2.30 and 2.32 of this Agreement (collectively, "Termination Options").  In the event a Termination Option arises, the Defendant Parties shall exercise the option by the later of twenty (20) days after the events giving rise to the termination right or Final Approval.

6.07   The Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and the Defendant Parties.

6.08   If this Agreement is terminated pursuant to its terms, or if the Final Approval Date does not occur, or if this Agreement is not approved in full, then any and all orders vacated or modified as a result of this Agreement shall be reinstated, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated nunc pro tunc.

6.09   In the absence of approval by the Court, Representative Plaintiff and Plaintiff's Counsel shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action, excepting only such documents created and disbursed as part of the Class Notice and/or Full Class Notice; or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in the Action; or the Settlement of the Action, excepting only that (i) such statements may be made to individual Class Members or the individual Class Member's counsel in one-on-one communications or as part of the Class Notice and/or Full Class Notice, (ii) statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be disclosed by Representative Plaintiff and Plaintiff's Counsel in response to inquiries directed to them by a member of the media, provided that Representative Plaintiff and Plaintiff's Counsel refrain from making any disparaging statements about the Defendant Parties of any kind whatsoever in the course of responding to such inquiries, and (iii) general statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be made on the firm websites of Class Counsel, provided that such content contains no disparaging statements about the Defendant Parties of any kind whatsoever.  Any term in this Paragraph prohibited by any applicable rule of professional conduct shall be deemed not to apply to Plaintiff's Counsel.

6.10   The Parties agree that nothing in this Agreement shall be construed to prohibit communications between the Defendant Parties and the Defendant Released Parties, on the one hand, and Class Members, on the other hand, in the regular course of the Defendant Parties' and the Defendant Released Parties' businesses.

6.11   Representative Plaintiff and Class Counsel shall not produce or provide to any governmental body or agency, administrative body or agency, regulator, board or commission, attorney general of a State, the United States Department of Justice, or any other government or law enforcement agency or body any discovery materials or other documents obtained from the Defendant Parties in the Action and/or material relating to the Action unless required to do so by law and after reasonable notice to the Defendant Parties in advance of any production such that either or both of them may seek a court order or other relief precluding or preventing production.

6.12   This Agreement is intended to and shall be governed as a contract executed under the laws of the State of Ohio.

6.13   The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto, and may not be contradicted by evidence of any

prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of the Agreement must be confirmed and executed in writing by all Parties and served upon Counsel for the Defendant and Class Counsel.

6.14 This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

6.15 This Agreement shall inure to the benefit of the Released Persons and heirs, successors and assigns of each Released Person, and each and every one of the Released Persons shall be deemed to be intended third-party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

6.16 The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

6.17 This Agreement, and the Settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence, or support a contention that (a) the Defendant Parties and/or any of the Released Parties acted illegally, improperly, or in breach of law, contract, ethics, or proper conduct; and/or (b) class certification is required or appropriate.

6.18 This Agreement shall become effective upon its execution by Class Counsel and the Defendant Parties, except for those provisions that require approval from the Court to be effective (and those provisions shall become effective upon their approval by the Court). Representative Plaintiff shall thereafter execute this Agreement promptly, and may execute this Agreement in a counterpart. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.19 No representations or advice regarding the tax consequences of this Agreement have been made by any Party. The Parties further understand and agree that (a) each Party, each Class Member and each of Class Counsel and Plaintiff's Counsel shall be responsible for his, her, its or their own taxes, if any, resulting from this Agreement and any payments made pursuant to this Agreement; and (b) the Representative Plaintiff Award (if any) will be reported on any Form 1099 issued by the Settlement Administrator or Defendants in connection with the Settlement as "other income."

6.20 In the event that the Benefit Check or Second Check (if any), whether individually or in the aggregate, distributed to a Class Member pursuant to this Settlement exceed the threshold amounts set by the Internal Revenue Service for reporting by means of a Form 1099, (a) each Class Member agrees to complete and return a Form W-9 to the Settlement Administrator upon request from the Settlement Administrator or Class Counsel; (b) the Settlement Administrator and Class Counsel will take reasonable and appropriate steps to obtain Form W-9s from each Class Member who receives a Benefit Check or Second Check (if any) and to comply with applicable Internal Revenue Service regulations on issuing Form 1099s

without a social security or tax identification number; and (c) the Settlement Administrator shall take all reasonable and appropriate steps to avoid the imposition of Internal Revenue Service fees or penalties against the Settlement Amount (or any portion thereof).

6.21    The Parties agree that any Class Member who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the Class Period may only participate in the Settlement subject to applicable bankruptcy law and procedures. The Defendant Parties are under no obligation to notify any bankruptcy court that has, had or may have jurisdiction over such Class Member's bankruptcy proceedings or any trustee or examiner appointed in such Class Member's bankruptcy proceedings of this Agreement or the benefits conferred by the Agreement and the Settlement.

6.22    Each Class Member agrees that, if he, she or they are in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding during the Class Period and the Released Claims are or may be part of the Class Member's bankruptcy estate and not the property of the Class Member, the Class Member will (a) advise the bankruptcy trustee of this Agreement and the benefits conferred by the Agreement and Settlement, in time for the trustee to exercise any rights or object to the Settlement, (b) comply with any direction from his, her or their bankruptcy trustee with respect to this Settlement and the benefits conferred by the Agreement and the Settlement, and (c) in the event of any disagreement with the direction of the bankruptcy trustee, seek relief from the appropriate bankruptcy court (without the involvement of any other party to this Agreement).

6.23    Under no circumstances shall the Settlement or Agreement or the Release be deemed to alter, amend, or change the terms and conditions of any contract, agreement, and/or debt to which any Class Member is or was a party with Defendants (or any of them), or to provide a defense to any such contract, agreement, and/or debt, including but not limited to a defense based on the so-called "one action" rule, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case or in any other action involving a Class Member hereto. Nor shall the Settlement Agreement create or be construed as evidence of any violation of law or contract. In the event this Agreement is so construed as to a particular Class Member, it can be declared by the Defendant Parties to be null and void as to that Class Member only (and in such latter event, the Release as to that Class Member shall also be void). Representative Plaintiff and the Class expressly covenant and agree, as a material inducement to the Defendant Parties, and recognizing the practical difficulties faced by the Defendant Parties in ongoing or future matters, that each of them waive and forever relinquish any rights or entitlement they may possess or come to possess (other than as set forth herein) to have the Defendant Parties or the Released Parties amend, alter or revise proofs of claims, rights, demands, suits, or other claims made (or to be made) in order to reflect the benefit of the Benefit Checks or second checks provided or to be provided or to reflect the other terms of this Agreement and the Settlement.

6.24    Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement. In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover from the other(s) damages arising from any breach of the Agreement and such other relief, including reasonable attorneys' fees and costs, as the Court

may order on its own and/or upon the application or motion of the prevailing party. Further, if a Class Member takes any action or position, after the Final Approval Date, in any lawsuit (including the Action) that causes any Party to seek relief, intervention, or ruling by this Court to enforce, interpret, or protect the Settlement, this Agreement, or any of its orders subsequent hereto (including the Preliminary Approval Order or the Final Approval Order), the Court shall retain jurisdiction over this matter to entertain motions or requests by that Party for an award of damages and/or other relief against such Class Member.

6.25    The Defendant Parties and Representative Plaintiff acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent of and on the advice of counsel. The Parties have negotiated and reviewed fully the terms of this Agreement.

[SIGNATURES ON THE FOLLOWING PAGES]

DocuSign Envelope ID: B8EC0587-A103-4087-82F1-FE5CB88A015D

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective counsel of record, have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

KAREN EVANS

_____

Date: December 10, 2018

*REPRESENTATIVE PLAINTIFF*

BRODERICK AND PARONICH, P.C.

_____

Edward A. Broderick

Date: December 10, 2018

*ATTORNEYS FOR PLAINTIFF*
*& CLASS COUNSEL*

MURRAY MURPHY MOUL BASIL LLP

_____

Brian K. Murphy

Date: December 10, 2018

*ATTORNEYS FOR PLAINTIFF*
*& CLASS COUNSEL*

TURKE AND STRAUSS LLP

_____

Samuel J. Strauss

Date: December 10, 2018

*ATTORNEYS FOR PLAINTIFF*
*& CLASS COUNSEL*

AMERICAN POWER & GAS, LLC

By:

Title: *CEO*

Date: December 10, 2018


GOODWIN PROCTER LLP

Brooks R. Brown

Date: December 19, 2018

*ATTORNEYS FOR DEFENDANT*


CONSUMER SALES SOLUTIONS, LLC

By:

Title: Dir Corporate Affairs.

Date: December 10, 2018


HARRIS BEACH PLCC

Elliot A. Hallak

Date: December ___, 2018

*ATTORNEYS FOR DEFENDANT*

30

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

KAREN EVANS, on behalf of herself and
others similarly situated,

     Plaintiff,

v.

AMERICAN POWER & GAS, LLC,
CONSUMER SALES SOLUTIONS, LLC

     Defendants.

Case No. 17-cv-515

Judge: Edmund A. Sargus
Magistrate Judge: Elizabeth Preston
Deavers

**[PROPOSED] ORDER PRELIMINARILY**
**APPROVING SETTLEMENT, AND**
**WITH RESPECT TO CLASS NOTICE,**
**COURT APPROVAL HEARING AND**
**ADMINISTRATION**

Upon consideration of the Parties' Settlement Agreement dated _____ (the "Settlement Agreement" or "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, and the pleadings and other materials on file in this Action, IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2.     For purposes of the Settlement, the Settlement Class shall be defined as all persons in the United States who were the users or subscribers of a cellular telephone number identified on the Class Phone Number List to which the Defendants, themselves or through a third party, made a telephone call using the ViciDial technology between June 14, 2013 and August 31, 2018. Subject to further consideration at the Court Approval Hearing described in Paragraph 13 below, this Court preliminarily finds that this Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement.

1

3.    For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing, Representative Plaintiff, Karen Evans, is provisionally appointed as the representative of the Settlement Class.

4.    For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing, JB Hadden, Brian K. Murphy and Jonathan P. Misny (of Murray Murphy Moul Basil LLP), Anthony Paronich and Edward A. Broderick (of Broderick and Paronich, P.C.), and Samuel J. Strauss (of Turke and Strauss LLP) are provisionally appointed as Class Counsel.

5.    For purposes of the Settlement, KCC, LLC is approved and designated as the Settlement Administrator for the Settlement.

6.    Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at Paragraph 13 of this Order.  In reaching this preliminary determination, the Court has specifically considered whether the Representative Plaintiff and Class Counsel have adequately represented the Settlement Class in the proceedings to date; the proposed Settlement was negotiated at arm's length; the proposed relief available to the Settlement Class appears to be adequate, taking into account the costs, risks, and delay of trial and appeal; the anticipated effectiveness of the proposed method for distributing the proposed relief available to the Settlement Class, including the proposed method of processing class-member claims; the terms of any proposed award of attorney's fees, including timing of payment, are reasonable, and the

proposed Settlement treats members of the Settlement Class equitably relative to each other. With these considerations, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

7.     Pursuant to the terms of the Settlement Agreement, Defendants and the Settlement Administrator are hereby directed (a) to prepare the Class Member List; (b) to provide notice of the Settlement and the Court Approval Hearing to each Class Member by mailing a copy of the postcard Class Notice, substantially in the form of the document attached to the Agreement as Exhibit C, to each Class Member at the address on the Class Member List as updated by the Settlement Administrator within 30 days of the entry of this Order; (c) to post the Full Class Notice, substantially in the form of the document attached to the Agreement as Exhibit D on the Settlement Website, in accordance with the terms of the Agreement; and (d) to post the Claim Form and the Settlement Agreement on the Settlement Website.  Before mailing the Class Notice or posting the Full Class Notice, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notice and Full Class Notice to conform to the dates and deadlines specified in this Order.  The Settlement Administrator shall also have discretion to format the form or substance Class Notice and/or Full Class Notice in a reasonable manner before mailing or posting, as applicable, to minimize mailing or other administration costs.

8.     If any Class Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail.  Other than as set forth above, Representative Plaintiff, Class Counsel, Defendants and the Settlement Administrator shall have no other obligation to re-mail Class Notices returned by the Postal Service as undeliverable.

9.     The Court finds that the Settlement Agreement's plan for direct mail and other notice to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice, Full Class Notice and Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved, adopted and authorized for dissemination or posting. This Court further finds that no other notice to Class Members other than that identified in the Agreement is reasonably necessary in the Action.

10.     Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Full Class Notice, postmarked no later than **[21 days before the Court Approval Hearing]**. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) state the Class Member's full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting-out as

4

are contained in the Agreement, the Full Class Notice, and this Order, shall be bound by the Agreement, including the Release, as embodied in Paragraphs 4.01 through 4.03 of the Agreement, and any Final Order and Judgment entered in the Action. Further, any Class Member who is a Successful Opt-Out shall be excluded from the Settlement, and shall not receive any benefits of the Settlement, and shall have no standing to object to the Settlement.

11.     On or before the date of the Court Approval Hearing, Class Counsel, Counsel for the Defendants and/or the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs. Without implication of limitation, and consistent with terms of the Settlement Agreement, the identification any person on the list of Successful Opt-Outs is not and shall not be construed as either a determination by this Court or an admission or conclusion by the Parties, Plaintiffs' Counsel or Counsel for the Defendants that such person is a member of the Settlement Class.

12.     Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail and postmark, or hand-deliver, a written objection to the Settlement ("Objection") to Class Counsel and Counsel for the Defendants, at the addresses set forth in the Full Class Notice, and mail or hand-deliver the Objection to the Court, on or before **[21 days before the Court Approval Hearing]**. Each Objection must: (a) set forth the Class Member's full name, current address, and telephone number; (b) identify the cellular telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the specific legal and factual basis for the objection;

(f) state whether it applies only to the objector, to a specific subset of the class, or to the entire class; and (g) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who does not submit a timely Objection in complete accordance with this Order, the Full Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement in the absence of approval by the Court.

13.     A hearing (the "Court Approval Hearing") shall be held before the undersigned at _____ a.m./p.m. on **[120 days after the last date required under Paragraphs 2.04 and 2.05 for the mailing of the Class Notice]** in the United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, Courtroom 301, 85 Marconi Boulevard, Columbus, Ohio 43215, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, **(b)** whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release, (e) the amount of any Attorney Fee/Litigation Cost Award to be made to Plaintiffs' Counsel, if any, upon application pursuant to Paragraph 2.29 of the Settlement Agreement, and (f) the amount of any Class Representative Award to be made to Representative Plaintiff, if any, upon application pursuant to Paragraph 2.31 of the Settlement Agreement. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14.     Representative Plaintiff's motion for final approval of the Settlement, as well as any application for an Attorney Fee/Litigation Cost Award and any application for a Class Representative Award by Plaintiff and/or Plaintiff's Counsel, shall be filed with the Court no later than thirty-five (35) days before the Court Approval Hearing. All other submissions by Representative Plaintiff or Defendants concerning the Settlement also shall be filed no later than seven (7) days before the Court Approval Hearing.

15.     It is not necessary for a Class Member to appear at the Court Approval Hearing. However, any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, and mail and postmark, or hand-deliver, the notice to Class Counsel and Counsel for the Defendants on or before [**21 days before the Court Approval Hearing**].

16.     No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to raise.

17.     Any Class Member who wishes to file a motion in the Action must file the motion with the Court, and contemporaneously mail and postmark, or hand-deliver, the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendants on or before [**21 days before the Court Approval Hearing**].

18.     Any Class Member who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Court Approval Hearing.

19.     The postmark and electronic submission deadline for Valid Claim Forms is [**21 days before the date for the Court Approval Hearing Date**].

20.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing, including Defendants' provision of notice of the

Settlement pursuant to 28 U.S.C. § 1715 ("Section 1715"), shall be governed by the Agreement and Section 1715, as applicable, to the extent not inconsistent herewith.

21.     The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

22.     All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

23.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever.  This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have.  Nor shall this Order be construed or used to show that certification of one or more classes is required or appropriate if the Action were to be litigated rather than settled.

24.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or

8

of any wrongdoing, liability, or violation of law by Defendants, which deny all of the claims and allegations raised in the Action.

25.     The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Representative Plaintiff and Defendants and without further notice to the Class Members.

26.     Pending this Court's decision on whether to finally approve the Settlement in this Action, Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel, and Plaintiffs' Counsel are preliminary enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release.

27.     Representative Plaintiff, Class Counsel, Plaintiffs' Counsel and each of the Releasing Persons shall not, without prior approval of this Court, (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action, excepting only such documents created and disbursed as part of the Class Notice and/or Full Class Notice; or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in the Action; or the Settlement of the Action, excepting only that (i) such statements may be made to individual Class Members or the individual Class Member's counsel in one-on-one communications or as part of the Class Notice and/or Full Class Notice, (ii) statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be disclosed by Representative Plaintiff and Plaintiff's Counsel in response to inquiries directed to them by a member of the media, provided that Representative Plaintiff and Plaintiff's Counsel refrain from

making any disparaging statements about the Defendant Parties of any kind whatsoever in the course of responding to such inquiries, and (iii) general statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be made on the firm websites of Class Counsel, provided that such content contains no disparaging statements about the Defendant Parties of any kind whatsoever.

28.     The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.

Dated: _____

                                                     _____
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAREN EVANS, on behalf of herself and
others similarly situated,

     Plaintiff,

v.

AMERICAN POWER & GAS, LLC,
CONSUMER SALES SOLUTIONS, LLC

     Defendants.

Case No. 17-cv-515

Judge: Edmund A. Sargus
Magistrate Judge: Elizabeth Preston
Deavers

**[PROPOSED] FINAL ORDER
APPROVING SETTLEMENT, AND
DISMISSING ACTION WITH
PREJUDICE**

This matter having come before the Court on _____ upon the Motion of Representative Plaintiff, individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement dated _____ ("Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Court Approval Hearing, and any other submissions filed with this Court in connection with the Court Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1. The Settlement Agreement is hereby incorporated by reference into this Order ("Order"), and is hereby adopted by the Court. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2. For purposes of settlement only, the Settlement Class, as that term is defined in the Agreement, is found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

3. For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby finally certifies the Settlement Class. If, for any reason, the Settlement does not become effective, this certification shall be null and void and shall not be used or referred to for any purpose in the Action or any other action or proceedings.

1

4.     For purposes of settlement only, the Court appoints Representative Plaintiff as representative of the Settlement Class and finds that she meets the relevant requirements of Fed. R. Civ. P. 23(a).

5.     For purposes of settlement only, the Court appoints JB Hadden, Brian K. Murphy and Jonathan P. Misny (of Murray Murphy Moul Basil LLP), Anthony Paronich and Edward A. Broderick (of Broderick and Paronich, P.C.), and Samuel J. Strauss (of Turke and Strauss LLP) as counsel to the Settlement Class and finds that these attorneys meet the relevant requirements of Fed. R. Civ. P. 23(a).

6.     As set forth in the Class Notice, this Court convened the Court Approval Hearing at _____ a.m./p.m. on _____.

7.     Pursuant to Fed. R. Civ. P. 23, the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised by Representative Plaintiff's claims and Defendants' defenses.

8.     The Court finds that the mailed notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied. This Court further finds that all notice requirements of 28 U.S.C. § 1715 have been properly complied with by Defendants in connection with the

Settlement, and that it has been more than ninety (90) days since the date, _____, on which the notices required under the statute were served upon the appropriate state and federal officials. Accordingly, no Class Member (excepting only those who are Successful Opt-Outs) may refuse to comply with or refuse to be bound by the Settlement Agreement or this Order.

9. After due consideration of Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the complexity, expense, and duration of the litigation; the substance of and amount of any opposition and/or objections to the Settlement; the number of Successful Opt-Outs from the Settlement; the responses of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiff and the Class Members; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto are fair, adequate and reasonable, and are in the best interest of the Class. In reaching this determination, the Court has specifically considered whether the Representative Plaintiff and Class Counsel have adequately represented the Settlement Class in this Action; the Settlement was negotiated at arm's length; the relief provided to the members of the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method for distributing relief to the eligible members of the Settlement Class, including the method of processing class member claims; the terms of the requested award of attorney's fees and litigation costs, including timing of payment, is reasonable and appropriate in the context of this Action; and the Settlement treats Class Members equitably relative to each other. In addition, the Court also considered the absence of any additional agreement required to be identified under Federal Rule of Civil Procedure

23(e)(3) in reaching its determination. Accordingly, the Settlement Agreement should be and is finally approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10. Upon consideration of the application for attorneys' fees and litigation costs by Plaintiffs' Counsel, the aggregate amount of the Attorney Fee/Litigation Cost Award is hereby fixed at _____ (_____.00). This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by **(a)** Plaintiffs' Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiff or Class Members (or any of them) with respect to all matters within the scope of the Release, and (c) Representative Plaintiff or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release.

11. Upon consideration of the application for an award to Representative Plaintiff, the amount of the Class Representative Award is hereby fixed at _____ ($_____.00).

12. In accordance with the Settlement Agreement, and to effectuate the Settlement, the Settlement Administrator or Defendants, as applicable under the terms of the Settlement Agreement, shall cause:

(a) the Benefit Checks to be provided to eligible Class Members in accordance with the terms of the Agreement;

(b) the aggregate Attorney Fee/Litigation Cost Award made in Paragraph 10 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

(c)     the Class Representative Award made in Paragraph 11 above to be disbursed to Representative Plaintiff in accordance with the terms of the Agreement and will be reported on any Form 1099 issued by the Settlement Administrator or Defendants in connection with the Settlement as "other income."

13.     In the event that the Benefit Check or Second Check (if any), whether individually or in the aggregate, distributed to a Class Member pursuant to this Settlement exceed the threshold amounts set by the Internal Revenue Service for reporting by means of a Form 1099, (a) each Class Member shall complete and return a Form W-9 to the Settlement Administrator upon request from the Settlement Administrator or Class Counsel; (b) the Settlement Administrator and Class Counsel shall take reasonable and appropriate steps to obtain Form W-9s from each Class Member who receives a Benefit Check or Second Check (if any) and to comply with applicable Internal Revenue Service regulations on issuing Form 1099s without a social security or tax identification number; and (c) the Settlement Administrator shall take all reasonable and appropriate steps to avoid the imposition of Internal Revenue Service fees or penalties against the Settlement Amount (or any portion thereof).

14.     The Action and all claims against Defendants are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter this Judgment in favor of Defendants in the Action.  The Judgment shall be without costs to any Party.

15.     Representative Plaintiff, Plaintiffs' Counsel and each Class Member (except those who are Successful Opt-Outs and appear on a list that is on file with the Court under seal to protect the privacy of those persons, which list is incorporated herein and made a part hereof) shall be forever bound by this Order and the Agreement, including the Release and covenants not to sue set forth in Paragraphs 4.01 to 4.03 of the Settlement Agreement providing as follows:

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Settlement Agreement, Representative Plaintiff and each Class Member whose phone number appears on the Class Member List and is not a Successful Opt-out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), and Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will completely release and forever discharge the Defendants, as that term is defined in Paragraph 1.17 above, from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind for calls concerning the goods or services of the Defendants, including without limitation (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action; (b) the cellphone provision (47 U.S.C. § 227(b)(1)(A)(iii)) of the TCPA, and any other laws similar in coverage or intent to that provision of the TCPA; (b) attorneys' fees and costs of any kind or nature, by statute or otherwise, except as provided in the Settlement Agreement; (c) calls, text messages, or other communications by Defendants or any of the Released Persons to any telephone number(s) appearing on the Class Phone Number List and subscribed to or used by the Representative Plaintiff or any Class Member at any time prior to August 31, 2018; (d) the use by any or all of the Defendants of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make "calls" to any number appearing on the Class Phone Number List; (e) statutory or common law claims predicated upon any alleged violations of the cellphone provision of TCPA and any other law similar in coverage or intent to the cellphone provisions of the TCPA, including without limitation any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; and (f) the negotiation, execution and delivery of the Settlement Agreement.

4.02    The Representative Plaintiff and the Releasing Persons expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Paragraph 4.01 above.  Section 1542 of the California Civil Code reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Plaintiff and each of the Releasing Persons acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of this Settlement Agreement, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by the Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03     Upon Final Approval, Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), will unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge the Defendant Parties and the Released Persons from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided in the Settlement Agreement.[1]

16.     The Release set forth in Paragraph 14 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and/or other proceedings maintained by or on behalf of Representative Plaintiff, Class Members

---

[1] The term "Released Persons," as used in the Release, means: "(a) American Power & Gas, LLC; Consumer Sales Solutions, LLC; AP&G Holdings, LLC; American Power & Gas of CA, LLC; American Power & Gas of CT, LLC; American Power & Gas of IL, LLC; American Power & Gas of MA, LLC; American Power & Gas of MD, LLC; American Power & Gas of ME, LLC; American Power & Gas of NJ, LLC; American Power & Gas of Ohio, LLC; American Power & Gas of Pennsylvania, LLC; American Power & Gas of TX, LLC; and CSS Columbia, SAS (collectively, the "AP&G and CSS Entities"); (b) all subsidiaries or affiliates of any of the AP&G and CSS Entities; (c) all persons or entities for or on behalf of which any of the AP&G and CSS Entities made calls to a cellular telephone number of any Class Member bringing the Class Member within the scope of the Settlement Class; and (d) all past, present and future predecessors, successors, assigns, affiliates, parents, subsidiaries, divisions, owners, shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives, and employees of each of the entities or persons in subparagraphs (a), (b), and (c) above."

(except the Successful Opt-Outs) and/or the Releasing Parties concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release.

17.     Defendants and any Released Person are hereby released and forever discharged by Representative Plaintiff, Class Members (except the Successful Opt-Outs) and the Releasing Parties from all matters and claims within the scope of the Release.

18.     Representative Plaintiff, Plaintiff's Counsel and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against Defendants and/or any Released Person any existing or future claim within the scope of the Release, as embodied in Paragraphs 4.01 to 4.03 of the Settlement Agreement. Nothing in this Paragraph shall be construed to enjoin Representative, Plaintiff's Counsel, and/or Class Members from bringing, joining, assisting in, or continuing to prosecute existing or future claims against Defendants and/or any Released Person that were not released as part of the Settlement.

19.     This Court finds that Class Counsel had and continue to have the authority to execute the Agreement on behalf of themselves and Plaintiffs' Counsel, and thereby to bind themselves and Plaintiffs' Counsel to all terms and conditions of the Agreement. Class Counsel and Plaintiffs' Counsel are thus also bound by all provisions of this Order.

20.     This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of

Defendants whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by Defendants to enforce the Agreement or to support a defense of *res judicata*, *collateral estoppel*, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. The Parties may, by mutual agreement, amend, modify or expand the provisions of the Settlement Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

22. In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Order, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

23. Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

24. This Order follows this Court's Order Preliminarily Approving Settlement and With Respect to Class Notice, Court Approval Hearing and Administration, and supersedes the Preliminary Approval Order to the extent of any inconsistency.

25. Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

Dated: _____

_____
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT C

## A COURT AUTHORIZED
## THIS LEGAL NOTICE

**If you received calls from American Power & Gas, LLC or Consumer Sales Solutions, LLC on your cellphone, you may be entitled to benefits under a class action settlement.**

A settlement has been reached in a class action lawsuit, *Evans v. American Power & Gas, LLC* (U.S. District Court S.D. OH), where Plaintiff alleges that Defendants American Power & Gas, LLC ("AP&G") or Consumer Sales Solutions, LLC ("CSS")) made autodialed calls to cellphones in violation of the Telephone Consumer Protection Act (TCPA). AP&G and CSS deny any wrongdoing.

**Complete and return the enclosed claim form by [Month XX, XXXX] to receive a cash payment.**

**AP&G Settlement Administrator**
P.O. Box XXXX
City, State Zip Code

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim ID #: «ClaimID»

«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

---

<Barcode>

## Claim Form

Fill out each section of this form, check Yes or No to each statement in Part II, sign where indicated, carefully tear at perforation, and return by mail. Forms must be postmarked by **Month XX, XXXX**. You may also complete your Claim Form online at www.apgtcpasettlement.com.

**Part I:  Claimant Identification.**  Complete this section.

Name (First, Last): _____

Street Address: _____

City: _____ State: _____ ZIP Code: _____

Cellphone #(s) at which calls were received: (____) ____-_____ ; (____) ____-_____ .

**Part II:  Claim.   Unique Identifier:** «ClaimID»

**You must answer yes to the two following questions in order to be eligible for a payment.**

The cellphone number(s) identified above belonged to me between June 14, 2013 and August 31, 2018.  Yes ___ No ___.

I did not consent to receiving calls from AP&G or CSS on my cellular telephone.  Yes ___ No ___.

**Part III:  Certification.**  I verify that the information in Parts I and II is true and accurate to the best of my current knowledge and belief.

Signature: _____ Date: ____/____/____

Print Name: _____

## WHO IS A CLASS MEMBER?

You may be in the Settlement Class if, between June 14, 2013 and August 31, 2018, you received a call on your cellphone from AP&G or CSS, themselves or through a third party, made using the ViciDial technology. Records obtained through this case indicate that you received one or more of these calls. You are NOT a class member if you previously excluded yourself from this case.

## SETTLEMENT TERMS

As set forth in more detail in the Settlement Agreement and Class Notice available on the Settlement Website (www.apgtcpasettlement.com) AP&G or CSS will pay $6,000,000 into a fund that will cover: (1) cash payments to eligible Settlement Class Members who submit claims; (2) attorneys' fees to Class Counsel not to exceed $2,000,000, as approved by the Court, plus out of pocket litigation costs actually incurred by Class Counsel not to exceed $37,059.65; (3) a court-approved service award to Plaintiff Karen Evans of $10,000; and (4) the costs of administering the settlement. Class Counsel estimate you will receive $100, which is less than the $500 to $1,500 you might receive if Plaintiff had won at trial. The amount you will receive under the Settlement will depend on the number of Settlement Class members who submit claims and could be less.

## YOUR RIGHTS AND OPTIONS

**Submit a Claim Form.** To receive a cash award, completely fill out the attached Claim Form, carefully tear off at the perforation, and drop it in the mail. You may also may submit a Claim Form electronically on the Settlement Website: www.apgtcpasettlement.com. You may also print a Claim Form from the Settlement Website and return it by mail. Settlement Class Members may only submit one claim. Your Claim Form must be postmarked or submitted electronically no later than Month XX, XXXX. **You must answer yes to the two questions on the claim form in order to be eligible for a payment.**

**Opt Out.** You may also exclude yourself from the Settlement and keep your right to sue Defendants on your own by sending a written request for exclusion to the Settlement Administrator postmarked by Month XX, XXXX. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue Defendants regarding the settled claims. Please visit the Settlement Website for more details on how to opt out.

**Object.** If you do not opt out, you have the right to object to the proposed settlement. Objections must be signed; filed with the Court; postmarked by Month XX, XXXX; provide the specific reasons for the objection; state whether it applies only to you, to a specific subset of the class, or to the entire class; and include any documents that you wish to submit to support your position. Please visit the Settlement Website for more details on how to object.

**Do Nothing.** If you do nothing, you will not receive any payment and will lose the right to sue Defendants about the Released Claims. You will be considered part of the Settlement Class and be bound by the Court's decisions.

**Attend the Final Approval Hearing.** The Court has set a hearing to decide whether the settlement should be approved on Month XX, XXXX at X:00 .m. at the **United States District Court for the Southern District of Ohio, Courtroom 301, 85 Marconi Boulevard, Columbus, OH 43215.** All persons who timely object to the settlement by Month XX, XXXX may ask to appear at the Final Approval Hearing.

**You can find more details about the settlement on the website: www.apgtcpasettlement.com**

**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS**

First-Class Mail
US Postage
Paid
Permit #___

AP&G Settlement Administrator
P.O. Box XXXX
City, State Zip Code

# EXHIBIT D

### NOTICE OF PENDENCY OF CLASS ACTION,
### PROPOSED SETTLEMENT, AND COURT APPROVAL HEARING

**TO:** All persons in the United States who were the users or subscribers of a cellular telephone number to which the Defendants, themselves or through a third party, made a telephone call using the ViciDial technology between June 14, 2013 and August 31, 2018 (the "Class").

THIS IS A COURT NOTICE. PLEASE READ THIS NOTICE CAREFULLY, AS THE PROPOSED SETTLEMENT (REFERRED TO AS THE "SETTLEMENT") DESCRIBED BELOW MAY AFFECT YOUR LEGAL RIGHTS AND PROVIDE YOU POTENTIAL BENEFITS.

IF YOU WISH TO RECEIVE ANY OF THE BENEFITS OF THE SETTLEMENT, YOU MUST COMPLETE AND RETURN THE CLAIM FORM ACCOMPANYING THE POSTCARD NOTICE YOUR RECEIVED IN THE MAIL TO THE SETTLEMENT ADMINISTRATOR, POSTMARKED NO LATER THAN _____; ELECTRONICALLY SUBMIT A CLAIM THROUGH THIS WEBSITE NO LATER THAN _____; OR PRINT AND COMPLETE A CLAIM FORM FROM THIS WEBSITE AND RETURN IT TO THE SETTLEMENT ADMINISTRATOR, POSTMARKED NO LATER THAN _____.

### I.  SUMMARY OF YOUR OPTIONS AND IMPORTANT DEADLINES

| | |
|---|---|
| Participate in the Settlement and submit a Claim Form | If you want to participate in and be eligible to receive an amount to be determined, then you must submit a valid Claim Form (as described below in Section V(B)) by _____. If you participate in the Settlement, you will give up certain rights to sue Defendants (as described below in Section V(C)). |
| Opt-out and exclude yourself from the Settlement | If you want to sue Defendants yourself about the matters at issue in this case, then you may opt-out and exclude yourself from the Settlement by _____ (as described in Section VIII(c) below). You will not receive the benefits of the Settlement if you opt-out. |
| Object to the Settlement | If want object to the Settlement (or any part of it), then you may write to the Court with your objections by _____ (as described below in Section VIII(C)(1)). |
| Do nothing | If you do no nothing, then you will not receive the benefits of the Settlement and will still give up certain rights to sue Defendant. |

### II.  WHAT IS THE PURPOSE OF THIS NOTICE?

The purpose of this Notice is to (a) to advise you of the proposed Settlement of a lawsuit (the "Action") pending against Defendants in the United States District Court for the Southern District of Ohio (the "Court"); (b) to summarize your rights under the Settlement; and (c) to inform you of a court hearing to consider whether to finally approve the Settlement to be held on _____ at _____ a.m./p.m. before the Honorable Edmund A. Sargus, Jr., United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, Courtroom 301, 85 Marconi Boulevard, Columbus, Ohio 43215 (the "Court Approval Hearing").

### III.  WHAT IS THE ACTION ABOUT?

In the Action, plaintiff Karen Evans ("Plaintiff") alleges that Defendants violated the Telephone Consumer Protection Act (TCPA) by making calls to certain cellular telephone numbers using an automated dialer without the consent of the user or subscriber of that number. The Action was originally filed in 2017, and seeks statutory damages against Defendants. There have been substantial proceedings in the case. Plaintiff's attorneys (referred to as "Plaintiff's Counsel and identified in Section VI below) have conducted a thorough investigation into, and have engaged in extensive litigation and discovery with respect to, the relevant facts and law. Plaintiff's Counsel has concluded that the outcome of the Action is uncertain and that a settlement is in the best interests of Plaintiff and the class members.

Defendants deny that they acted unlawfully, deny that they violated the TCPA or any other law or legal requirement, and assert numerous defenses against Plaintiff's claims. Defendants further deny that class certification is required or appropriate. Defendants have contested Plaintiff's claims, have contested liability to the class members, and have asserted numerous defenses.

The Court never resolved the claims and defenses of the parties in the Action. The Court also never resolved whether Defendants did anything wrong.

This Notice should not be understood as an expression of any opinion by the Court as to the merits of the Plaintiff's claims or Defendants' defenses. Plaintiff and Defendants recognize that to resolve these and other important issues would be time-consuming, uncertain, and expensive.

### IV.    WHO IS PART OF THE PROPOSED SETTLEMENT?

Plaintiff and Defendants have entered into an agreement to settle the Action (the "Settlement Agreement"). The Court has preliminarily approved the Settlement proposed in the Settlement Agreement as fair, reasonable, and adequate. The Court will hold the Court Approval Hearing, as described in Section IX below, to consider whether to make the Settlement final.

The Court has provisionally certified a settlement class, consisting of persons who will be the final settlement class if the Settlement is approved, which includes all persons in the United States who were the users or subscribers of a cellular telephone number to which Defendants, themselves or through a third party, made a telephone call using the ViciDial technology between June 14, 2013 and August 31, 2018. Plaintiff and the Defendant Parties agree that the Class Members include only those users or subscribers associated with 313,285 unique cellular telephone numbers.

### V.    WHAT ARE THE PRINCIPAL TERMS OF THE PROPOSED SETTLEMENT?

The principal terms of the proposed Settlement are as follows:

A.    *SETTLEMENT AMOUNT.* The maximum aggregate amount Defendants have agreed to pay under the Settlement, if it gains final approval from the Court, is $6,000,000 (the "Settlement Amount"). This Settlement Amount includes all amounts that Defendants have agreed to pay, and covers payments:

(1)    to eligible members of the Class in exchange for the Release (as described in Section V(C));

(2)    to Plaintiff as a class representative award (as described in Section V(D));

(3)    to Plaintiff's Counsel for attorneys' fees and litigation costs actually incurred in the Action (as described in Section V(D)); and

(4)    to the Settlement Administrator for settlement administration costs (as described in Section V(E)).

B.    *SETTLEMENT BENEFIT.* Each member of the Class ("Class Member") who submits a Valid Claim Form (as described below in this Section V(B)) and does not exclude himself or herself from the Class (as described in Section VIII(B) below) will be eligible to receive a check ("Benefit Check") in an amount to be determined that is estimated to be approximately $100. The actual amount of the Benefit Checks may be higher or lower and depends upon a number of factors, including how many eligible class members submit Valid Claim Forms. The Benefit Checks will be paid exclusively from, and not in addition to, the Settlement Amount.

To be eligible to receive a Benefit Check, you will need to complete and submit a valid Claim Form to the Settlement Administrator no later than _____. You may complete and submit a Claim Form either by mail or online – not both.

(1)    Claim Form Submission By Mail. To submit your Claim Form by mail, you must complete either the Claim Form accompanying the postcard notice you received in the mail or the Claim Form available on this website, and return it by first-class United States mail, postage pre-paid, to: KCC, LLC, [MAILING ADDRESS]. To be considered valid, your hard-copy Claim Form must meet all of the following criteria: (a) the Claim Form must be completely filled-out; (b) "Yes" must be checked for both of the required statements; (c) the required verification must be signed; and (d) the completed Claim Form must be mailed to the address for KCC, LLC set forth above postmarked no later than _____.

(2)    Claim For Submission Online. To submit your Claim Form online, you must complete and electronically submit the Claim Form available on this website no later than _____. To be considered valid, your online Claim Form must meet all of the following criteria: (a) the Claim Form must be completely filled-out; (b) "Yes" must be checked for each of the required statements; (c) the required verification must be electronically signed; and (d) the completed Claim Form must be electronically submitted no later than 11:59 PM (EST) on _____. Please note that, to complete and submit the Claim Form online, you will need either the Claim Number appearing on the first page of the postcard notice you received in the mail above the address line or the cellular telephone number that brings you within the scope of the Class. The website will only permit you to submit

one online Claim Form per Claim Number or cellular telephone number. Once you have submitted the online Claim Form, you will have no opportunity to make any changes or corrections.

C. *RELEASE.* Plaintiff and each Class Member who does not exclude himself or herself from the Class will release certain claims against Defendants. This is referred to as the "Release." Generally speaking, the Release will prevent any Class Member from bringing any lawsuit or making any claim that Defendants violated the TCPA or any other law or legal requirement by placing telephone calls using an automated dialer to a Class Member who was the user or subscriber of a cellular telephone number between June 14, 2013 and August 31, 2018. The Release will also prevent every Class Member, and certain related parties, from suing or bringing such claims against Defendants, companies related to Defendants, Defendants' employees, and certain other third parties. The terms of Release, as set forth in the Settlement Agreement, are reproduced in the Addendum appearing at the end of this Notice.

The Release, which is set forth in Paragraphs 4.01 to 4.03 of the Settlement Agreement and the Addendum to this Notice, will be effective as to every Class Member who does not exclude himself or herself from the Class regardless of whether or not the Class Member receives and cashes a Benefit Check.

D. *ATTORNEY FEE/LITIGATION COST AND CLASS REPRESENTATIVE AWARDS.* The Court will determine the amount of attorneys' fees and litigation costs to award to Plaintiffs' Counsel from the Settlement Amount for investigating the facts and law in the Action, litigating the Action, and negotiating the proposed Settlement of the Action (the "Attorney Fee/Litigation Cost Award"). Plaintiffs' Counsel will ask the Court to award them attorneys' fees from the Settlement Amount in an amount up to $2,000,000 of the Settlement Amount, plus litigation costs incurred in connection with the Action not to exceed $37,059.65. Plaintiffs' Counsel will make their request for an Attorney Fee/Litigation Cost Award in a motion to be filed with the Court on or before _____. Copies of that motion will be available from this website, Class Counsel or from the Court after that date, as set forth in Section X below.

Plaintiffs' Counsel will also ask the Court to award Plaintiff, as representative of the Class, an amount of up to $10,000.00 from the Settlement Amount for her service in the Action ("Class Representative Award"). Plaintiffs' Counsel will make the request for a Class Representative Award in a motion to be filed with the Court on or before _____. Copies of that motion will be available from this website, Class Counsel or from the Court after that date, as set forth in Section X below.

Any Attorney Fee/Litigation Cost Award or Class Representative Award will be paid by Defendants exclusively from (and not in addition to) the Settlement Amount.

E. *SETTLEMENT ADMINISTRATION.* The costs of administration of the proposed Settlement will be paid by Defendants exclusively from, and not in addition to, the Settlement Amount.

G. *DISMISSAL OF THE ACTION.* Upon final approval of the Settlement, the Action will be dismissed with prejudice.

If the Settlement is approved by the Court and becomes final, Benefit Checks will be provided to eligible Class Members who submit a valid Claim. If the Settlement is not approved by the Court or does not become final for any reason, the Action will continue, and Class Members will not be entitled to receive the Benefit Check.

SECTIONS V(A)-(G) ABOVE PROVIDE ONLY A GENERAL SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT. YOU MUST CONSULT THE SETTLEMENT AGREEMENT FOR MORE INFORMATION ABOUT THE EXACT TERMS OF THE SETTLEMENT. THE SETTLEMENT AGREEMENT IS AVAILABLE ON THIS WEBSITE OR FROM CLASS COUNSEL, AS SET FORTH IN SECTION X BELOW.

## VI.  WHO REPRESENTS THE SETTLEMENT CLASS?

The Court has provisionally appointed JB Hadden, Brian K. Murphy and Jonathan P. Misny (of Murray Murphy Moul Basil LLP), Anthony Paronich and Edward A. Broderick (of Broderick and Paronich, P.C.), and Samuel J. Strauss (of Turke and Strauss LLP) to act as counsel for the Class (referred to as "Class Counsel") for purposes of the proposed Settlement. Class Counsel can be contacted by mail, telephone and/or email:

| | |
|---|---|
| Brian Murphy<br>Jonathan Misny<br>JB Hadden<br>Murray Murphy Moul + Basil LLP<br>1114 Dublin Road<br>Columbus, OH 43215<br>murphy@mmmb.com<br>misny@mmmb.com<br>(614) 488-0400 | Matthew P. McCue<br>The Law Office of Matthew P. McCue<br>1 South Avenue, Suite 3<br>Natick, MA 01760<br>mmccue@massattorneys.net<br>(508) 655-1415 |
| Samuel J. Strauss<br>Turke & Strauss, LLP<br>936 N. 34th Street, # 300<br>Seattle, WA 98103<br>sam@turkestrauss.com<br>(608) 237-1775 | Edward A. Broderick<br>Anthony I. Paronich<br>Broderick & Paronich, P.C.<br>99 High Street, Suite 304<br>Boston, MA 02110<br>ted@broderick-law.com<br>(617) 738-7080 |

## VII.  WHAT ARE THE REASONS FOR THE PROPOSED SETTLEMENT?

Plaintiff and Defendants agreed on all of the terms of the proposed Settlement through extensive arms-length negotiations between Plaintiff's Counsel and Counsel for the Defendants, and with the assistance of third-party mediators (Peter J. Grilli of Peter J. Grilli Mediation and Hon. Morton Denlow (Ret.) of JAMS). Plaintiff has entered into the proposed Settlement after weighing the benefits of the Settlement against the probabilities of success or failure in the Action, and against the delays that would be likely if the Action proceeded to trial, and after trial, to appeal.

Plaintiff and Plaintiff's Counsel have concluded that the proposed Settlement: provides substantial benefits to the Class; resolves substantial issues without prolonged litigation; provides the Class with significant benefits, both individually and as a group; and is in the best interests of the Class. Plaintiff and Plaintiff's Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal.

Although Defendants deny any wrongdoing and any liability whatsoever, Defendants believe that it is in their best interest to settle the Action on the terms set forth in the Settlement Agreement in order to avoid further expense, uncertainty, and inconvenience in connection with the Action.

## VIII.  WHAT DO YOU NEED TO KNOW AND DO NOW?

A.  *YOU CAN PARTICIPATE IN THE SETTLEMENT.*  If the Settlement is approved at the Court Approval Hearing, you will automatically be included as a participant in the Settlement and be eligible to receive the Benefit Check described in this Notice if you submit a valid Claim Form. If that is what you want, you must only submit a valid Claim Form. You do not need to take any other action.

If you participate, your interests as a Class Member will be represented by Plaintiff and Plaintiffs' Counsel, including the above-listed Class Counsel. You will not be billed for their services. Plaintiffs' Counsel will receive a fee only if the Court approves the Settlement and the fee award, if any, will be set by the Court.

Unless you request to be excluded (as described in Section VIII(B)), you will be bound by any judgment or other final disposition of the Action, including the Release set forth in the Settlement Agreement, and will be precluded from pursuing claims against Defendants separately if those claims are within the scope of the Release.

B.     *YOU CAN OPT-OUT.*  If you do not wish to be a Class Member, and do not want to participate in the Settlement, you may exclude yourself from the Class by completing and mailing a notice of intention to opt-out (referred to as an "Opt-Out") to the following address, postmarked no later than _____:

[SETTLEMENT ADMINISTRATOR ADDRESS]

Any Opt-Out must (a) state your full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number as to which the Class Member seeks exclusion; (c) contain the personal and original signature of the Class Member or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*NOTE:* conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. Class Members who do not mail in a timely and valid Opt-Out will remain Class Members and will be bound by the Settlement.

C.     *YOU CAN OBJECT OR TAKE OTHER ACTIONS IN THE ACTION.*

(1)     Objections to the Settlement.  Any Class Member who has not elected to be excluded from the Class may object to the approval of the Settlement, to any aspect of the Settlement or the Settlement Agreement, to the application for attorneys' fees and costs, and/or to the application for a class representative award to Plaintiff.  To object, you must mail or hand-deliver any objection to the Clerk of Court, United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215 on or before _____, and must mail or hand-deliver a copy of the objection to Class Counsel and Counsel for the Defendants at the addresses set forth in Section XI below by that same date.  To be timely, objections that are mailed must be postmarked by _____ and objections that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendants by _____.  To be valid, each objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) identify the cellular telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the specific legal and factual basis for the objection; (f) state whether your objection applies only to you, to a specific subset of the class, or to the entire class; and (g) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Objections may be filed by counsel for a Class Member. Objections that are not timely mailed and hand-delivered to the Court, Class Counsel and Counsel for the Defendants, and/or are otherwise invalid shall not be treated as a valid Objection to the Settlement.

(2)     Appearances at the Court Approval Hearing.  It is not necessary for you to appear at the Court Approval Hearing.  If you have not excluded yourself from the Settlement and wish to appear and/or speak at the Court Approval Hearing, whether personally or through a lawyer, then you must mail or hand-deliver a Notice of Appearance to the Clerk of Court, United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, on or before _____, and you must mail or hand-deliver a copy of the Notice of Appearance to Class Counsel and Counsel for the Defendants at the addresses set forth in Section XI below by _____.  Further, if you wish to appear at the Court Approval Hearing, you will not be permitted to raise matters that you could have, but did not, raise in a properly submitted Objection (as described in Section VIII(C)(1)) without approval of the Court.  To be considered timely, Notices of Appearances that are mailed must be postmarked by _____ and Notices of Appearance that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendants by _____.

(3)     Other Motions or Submissions Concerning the Action or the Settlement.  It is not necessary for you to submit any motion concerning the Action or Settlement to the Court.  If you have not excluded yourself from the Settlement and want to submit a motion to the Court concerning the Settlement or the Action, however, then you must mail or hand deliver a motion, together with all supporting documents, to the Clerk of Court, United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215 on or before _____, and must mail or hand-deliver a copy of the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendants at the addresses set forth in Section XI below by _____.  To be considered timely, motions that are mailed must be postmarked by _____ and motions that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendants by _____.

D.     *YOU MUST NOTIFY YOUR TRUSTEE AND TAKE OTHER ACTIONS IF YOU HAVE BEEN IN BANKRUPTCY AT ANY TIME SINCE JUNE 14, 2013.*  The Settlement Agreement requires that, if (i) you are in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding during the period between June 14, 2013 through

the date of this notice and (ii) all or any of the claims that may be released as part of this Settlement are or may be part of your bankruptcy estate, then you must advise your current or prior bankruptcy trustee of this Agreement and the benefits conferred by the Settlement in time for the trustee to exercise any rights or object to the Settlement. In addition, under the terms of the Settlement Agreement, you must comply with any direction from the trustee with respect to this Settlement and the benefits conferred by the Settlement, and (c) in the event of any disagreement between you and the trustee, you must seek relief from the appropriate bankruptcy court.

## IX. WHAT WILL TAKE PLACE AT THE COURT APPROVAL HEARING?

The Court will hold the Court Approval Hearing in the courtroom of the Honorable Edmund A. Sargus, Jr., United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, Courtroom 301, 85 Marconi Boulevard, Columbus, Ohio 43215 on _____ at _____ a.m./p.m. At that time, the Court will determine, among other things, (a) whether the Settlement should be finally approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) the amount of attorneys' fees and costs to be awarded to Plaintiffs' Counsel, if any, and (f) the amount of the award to be made to Plaintiff for his service as class representative, if any. In making these determinations, the Court will consider, among other things, whether Plaintiff and Class Counsel have adequately represented the Settlement Class in the Action; the Settlement was negotiated at arm's length; the relief available under the Settlement is adequate, taking into account the costs, risks, and delay of trial and appeal; the proposed method for processing claims and distributing the relief available under the Settlement to eligible members of the Settlement Class is effective; the requested award of attorneys' fees and litigation costs (and the timing of the proposed payment) is reasonable and appropriate in the context of the case; there are any other agreements required to be disclosed; and the settlement treats Class Members equitably relative to one another. The Court Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

## X. HOW CAN YOU GET ADDITIONAL INFORMATION ABOUT THE ACTION, THE PROPOSED SETTLEMENT, THE SETTLEMENT AGREEMENT, OR THE NOTICE?

The descriptions of the Action, the Settlement, and the Settlement Agreement that are contained in this Notice are only a general summary. In the event of a conflict between this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall control. All papers filed in this case, including the full Settlement Agreement, are available for you to inspect and copy (at your cost) at the office of the Clerk of Court, United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, during regular business hours. A copy of the Settlement Agreement is available on this website or may be obtained from Class Counsel by contacting them at the addresses or telephone numbers set forth in Section XI below.

Any questions concerning this Notice, the Settlement Agreement, or the Settlement may be directed to Class Counsel in writing at the addresses or emails set forth in Section XI below or by calling them at the numbers listed for them in Section XI below.

You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

DO NOT WRITE OR TELEPHONE THE COURT, THE CLERK'S OFFICE, OR DEFENDANTS IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR THE SETTLEMENT AGREEMENT.

## XI. WHAT ARE THE ADDRESSES YOU MAY NEED?

**Class Counsel:**

JB Hadden
Brian K. Murphy
Jonathan P. Misny
Murray Murphy Moul Basil LLP
1114 Dublin Road
Columbus, OH 43215
614-488-0400

Anthony Paronich
Edward A. Broderick
Broderick and Paronich, P.C.
Broderick & Paronich, P.C.
Suite 304
99 High Street
Boston, MA 02110
508-221-1510

Samuel J. Strauss
Turke and Strauss LLP
936 N. 34th Street, Suite 300
Seattle, WA 98103
608-237-1775

**Defendant's Counsel**:

Brooks R. Brown
W. Kyle Tayman
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC  20001
(202) 346-4000

**Settlement Administrator**:

KCC, LLC
[MAILING ADDRESS]

### XII.  WHAT INFORMATION MUST YOU INCLUDE IN  ANY DOCUMENT THAT YOU SEND REGARDING THE ACTION

In sending any document to the Settlement Administrator, to the Court, to Class Counsel, or to Counsel for the Defendant, it is important that both your envelope and any documents inside contain the following case names and identifying number: *Evans v. American Power & Gas, LLC,* Case No. 2:17-CV-515.  In addition, you must include your full name, address, and a telephone number at which you can be reached.

/s/ Edmund A. Sargus, Jr.

UNITED STATES DISTRICT JUDGE

Dated: _____

<u>ADDENDUM</u>

As described above in Section V(C) of the Notice, the terms of the Release (which are contained in Paragraphs 4.01 to 4.03 of the Settlement Agreement) are reproduced below:

## IV.    <u>RELEASE</u>

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Settlement Agreement, Representative Plaintiff and each Class Member whose phone number appears on the Class Member List and is not a Successful Opt-out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), and Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will completely release and forever discharge the Defendants, as that term is defined in Paragraph 1.17 above, from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind for calls concerning the goods of services of Defendants, including without limitation (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action; (b) the cellphone provision (47 U.S.C. § 227(b)(1)(A)(iii)) of the TCPA, and any other laws similar in coverage or intent to that provision of the TCPA; (b) attorneys' fees and costs of any kind or nature, by statute or otherwise, except as provided in the Settlement Agreement; (c) calls, text messages, or other communications by Defendants or any of the Released Persons to any telephone number(s) appearing on the Class Phone Number List and subscribed to or used by the Representative Plaintiff or any Class Member at any time prior to August 31, 2018; (d) the use by any or all of the Defendants of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make "calls" to any number appearing on the Class Phone Number List; (e) statutory or common law claims predicated upon any alleged violations of the cellphone provision of TCPA and any other law similar in coverage or intent to the cellphone provisions of the TCPA, including without limitation any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; and (f) the negotiation, execution and delivery of the Settlement Agreement.

4.02    The Representative Plaintiff and the Releasing Persons expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Paragraph 4.01 above.  Section 1542 of the California Civil Code reads:

Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Plaintiff and each of the Releasing Persons acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of this Settlement Agreement, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by the Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03    Upon Final Approval, Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), will unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge the Defendant Parties and the Released Persons from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided in the Settlement Agreement.[1]

---

[1]  As set forth in Paragraphs 1.28 and 1.17 of Settlement Agreement, the term "Released Persons," as used in the Release, means "(a) American Power & Gas, LLC; Consumer Sales Solutions, LLC; AP&G Holdings, LLC; American Power & Gas of CA, LLC; American Power & Gas of CT, LLC; American Power & Gas of IL, LLC; American Power & Gas of MA, LLC; American Power & Gas of MD, LLC; American Power & Gas of ME, LLC; American Power & Gas of NJ, LLC; American Power & Gas of OH, LLC; American Power & Gas of Pennsylvania, LLC; American Power & Gas of TX, LLC; and CSS Columbia, SAS (collectively, the "AP&G and CSS Entities"); (b) all subsidiaries or affiliates of any of the AP&G and CSS Entities; (c) all persons or entities for or on behalf of which any of the AP&G and CSS Entities made calls to a cellular telephone number of any Class Member bringing the Class Member within the scope of the Settlement Class; and (d) all past, present and future predecessors, successors, assigns, affiliates, parents, subsidiaries, divisions, owners, shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives, and employees of each of the entities or persons in subparagraphs (a), (b), and (c) above."

# EXHIBIT E

## CLAIM FORM FOR: *EVANS V. AMERICAN POWER & GAS, LLC*

### A. INSTRUCTIONS

Please fully complete Sections (B) and (C) below and sign in Section (D) below, and then electronically submit this Claim Form by clicking SUBMIT below, on or before _____, or print and mail it to KCC, LLC, [MAILING ADDRESS] postmarked no later than _____.

### B. CLASS MEMBER INFORMATION

Cellphone Number(s) at which You received calls from AP&G or CSS: _____

_____
Full Name                Street/P.O. Box              City                    State          Zip Code

### C. REQUIRED STATEMENTS BY CLASS MEMBER: You must answer yes to the two following questions in order to be eligible for a payment.

The cellphone number identified above belonged to me between June 14, 2013 and August 31, 2018.    Yes __ No __

I did not consent to receiving calls from the American Power & Gas, LLC or Consumer Sales Solutions, LLC on my cellular telephone.    Yes __ No __

### D. REQUIRED CLASS MEMBER VERIFICATION

I verify that the information set forth in Sections (B) and (C) above is true and accurate to the best of my current knowledge and belief.

_____
Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAREN EVANS, on behalf of herself and
others similarly situated,

     Plaintiff,

v.

AMERICAN POWER & GAS, LLC,
CONSUMER SALES SOLUTIONS, LLC

     Defendants.

Case No. 17-cv-515

Judge: Edmund A. Sargus
Magistrate Judge: Elizabeth Preston
Deavers

## Declaration of Brian K. Murphy in Support of Motion for Preliminary Approval

1.     I make this affidavit in support of the Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

2.     I am an attorney duly admitted to practice in Ohio and Illinois, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge. I have extensive experience in the prosecution of class actions on behalf of consumers.

3.     I have extensive experience in the prosecution of class actions on behalf of consumers, including claims under the Telephone Consumer Protection Act, 47 U.S.C. §227. I make this affidavit to describe the work that I and my co-counsel have done in identifying, investigating and prosecuting the claims in the action and to set forth my qualifications to serve as class counsel and to state that based on my experience I consider this settlement an excellent result for the class that merits both preliminary and final approval from the Court. I was involved in every stage of litigation in this case, from pre-trial  investigation, analysis of Plaintiff's

1

potential claims, drafting and researching the complaint and discovery work, review of documents, discovery responses, depositions and general preparation for mediation and trial. I also additionally participated in settlement negotiations and strategy, participated in the mediation process and contributed on preparing the proposed settlement agreement and motion for preliminary approval. My firm incurred costs of $23,302.99 for litigation expenses including filing fees, travel and mediator fees.

4.      I am a 1994 graduate of The Ohio State University College of Law. In 1994, I was admitted to the Bar of Illinois. In 1999, I was admitted to the Bar of Ohio. Since then, I have been admitted to practice before numerous Federal District and Appellate Courts and the United States Supreme Court. From time to time, I have appeared in other State and Federal District Courts *pro hac vice*. I am in good standing in every court to which I am admitted to practice.

5.      I am a partner with Murray Murphy Moul + Basil LLP in Columbus, Ohio together with my partner and co-counsel in this action, JB Hadden, who is also an experienced class litigator.

6.      A sampling of class actions in which I have participated are as follows:

Securities Litigation

Murray Murphy Moul + Basil has developed into one of the most experienced securities litigation firms in the State of Ohio. Since 2011 the firm has been a member of the Ohio Attorney General's Securities Panel, providing ongoing advice to the office related to potential securities claims affecting Ohio's public pension funds. The firm has represented numerous public pension funds for the State of Ohio under both Republic and Democratic administration since 2006. The firm has also prosecuted matters on behalf of other large pension funds. The

2

following is short summary of a representative sampling of the securities cases the firm has been involved with over the years:

### In re Cardinal Health Securities Litigation
(United States District Court for the Southern District of Ohio)

Murray Murphy Moul + Basil was co-counsel in this matter, which resulted in a $600 million settlement for the class – the largest securities class action settlement in the history of the Sixth Circuit. The settlement was approved by the Judge Marbley on November 14, 2007. The Complaint alleged that Cardinal, and certain of its officers and directors, issued materially false statements concerning the Company's financial condition. The Complaint was on behalf of all persons who purchased the publicly traded securities of Cardinal Health, Inc. between October 24, 2000 and June 30, 2004 inclusive. After a review of in excess of 6 million documents and extensive depositions and interviews, and a lengthy and extensive mediation process, the parties entered into the settlement agreement pursuant to which the $600 million settlement fund was created.

### In re Marsh & McLennan Cos., Inc. Securities Litigation
(United States District Court for the Southern District of New York)

Murray Murphy Moul + Basil was appointed by former Attorney General Jim Petro as co-counsel in this matter in which the Public Employees' Retirement System of Ohio, State Teachers' Retirement System of Ohio, and Ohio Bureau of Workers' Compensation were appointed as co-Lead Plaintiffs. The case was settled at the end of 2009 for $400 million.

### In re Abercrombie & Fitch Securities Litigation
(United States District Court for the Southern District of Ohio)

Murray Murphy Moul + Basil was co-counsel in this PSLRA case which alleged that Abercrombie (a) carried out a scheme to deceive the investing public; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Abercrombie securities. The Court certified the class and a settlement was eventually reached in the amount of $12 million in the middle of 2010.

### Ohio Board of Deferred Compensation v. Pilgrim Baxter
(United States District Court for the District of Maryland)

Murray Murphy Moul + Basil assisted in the prosecution of this securities class action brought on behalf of purchasers and holders of Pilgrim Baxter mutual funds from Nov. 1, 1998 to Nov. 13, 2003 who were harmed by a pattern of market timing trading practices. The Ohio Board of Deferred Compensation was appointed as the lead Plaintiff in this litigation and Murray Murphy Moul + Basil served as co-counsel. The case was settled for $31,538,600 in 2010.

<u>Other Class Litigation Experience</u>

Murray Murphy Moul + Basil LLP has served as Lead Class Counsel in prosecuting other large class actions, including <u>Violette, et al v. P.A. Days, Inc.</u> (S.D. Ohio 2004) (Marbley, J.) and <u>Adkins v. Ricart Properties, et al.</u>, (S. D. Ohio 2004) (Marbley, J.), two certified class actions that included over 100,000 class members.  Similarly, this MMM+B served as Co-Lead Counsel in the certified class action of <u>Mick v. Level Propane Gases, Inc.</u>, 203 F.R.D. 324 (S.D. Ohio 2001) (Sargus, J.).  The Firm has also appeared in the United States Supreme Court in a putative class action arising in the Southern District of Ohio.  <u>Household Credit Services, et al v. Pfennig</u>, 124 S.Ct 1741 (2004).

Murray Murphy Moul + Basil LLP have also served as Defense Counsel in two putative class actions asserting claims against Ohio state agencies.  Murray Murphy Moul + Basil LLP was trial counsel in the matter of <u>S.H and all other similarly situated, et al v. Taft et al</u>, Case Number: 2:04-cv-1206 (Smith, J.) and co-counsel in <u>J.P. and all others similarly situated et al v. Taft et al</u>, Case Number: 2:04-cv-692 (Marbley, J.).

Murray Murphy Moul + Basil LLP also served as Lead Counsel in class litigation that have been resolved in favor of the Classes: <u>Downes v. Ameritech Corp., et al.</u>, Case No. 99 CH 11356 (Cook County, IL)<u>, Bellile v. Ameritech Corp., et al.</u>, Case No. 99-925403-CP (Wayne County, MI), <u>Gary Phillips & Assoc. v. Ameritech Corp.</u>, 144 Ohio App. 3d 149, 759 N.E.2d 833 (Franklin County, OH) and <u>Prestemon, et al v. Echostar Communication and WebTV Networks</u>, Case No. 2002-053014 (Alameda Cty, California Sup. Court).

The firm was also successful in bringing about one of the largest class settlements at the time for a class of consumers besieged by telemarketing robocalls in <u>Desai v. ADT Security Systems</u>, Case No. 11-cv-01925 (N.D. Illinois).  The firm was Co-Lead Counsel on behalf of

4

nationwide class that received $15,000,000 in 2013.

SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 10th
DAY OF DECEMBER 2018.

/s/ Brian K. Murphy
Brian K. Murphy

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAREN EVANS, on behalf of herself and
others similarly situated,

    Plaintiff,

v.

AMERICAN POWER & GAS, LLC,
CONSUMER SALES SOLUTIONS, LLC

    Defendants.

Case No. 17-cv-515

Judge: Edmund A. Sargus
Magistrate Judge: Elizabeth Preston
Deavers

## Declaration of Edward A. Broderick in Support of Motion for Preliminary Approval

I, Edward A. Broderick, declare under penalty of perjury:

1.    I make this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement to describe the work that I and my co-counsel have done in identifying and investigating potential claims in the action and to set forth my qualifications to serve as class counsel, and to state that based on my experience in representing plaintiff classes in class actions, and cases brought under the 47 U.S.C. § 227, the Telephone Protection Act, I believe the proposed settlement in this case represents an excellent result for the proposed class and merits preliminary and final approval from the Court.

2.    I was involved in every stage of representing Plaintiffs in this case, from pre-trial investigation, analysis of Plaintiffs' potential claims, and review of documents and discovery responses. I additionally participated in settlement negotiations and strategy, and contributed on preparing the proposed settlement agreement and motion for preliminary approval.

3.    My firm also has incurred $11,254.22 in out of pocket expenses for litigation expenses, photocopies, travel, and mediator fees to date. My co-counsel's declarations set forth their expenses. The total expenses between the firm's representing Plaintiff is $37,059.65.

1

4.    I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge.

### Qualification of Counsel

5.    I have extensive experience in the prosecution of class actions on behalf of consumers, particularly claims under the Telephone Consumer Protection Act, 47 U.S.C. §227. ("TCPA"). As a result of my extensive experience litigating TCPA class claims, I am well-aware of the significant time and resources needed to litigate such actions, and my firm possesses the resources necessary to prosecute these actions successfully. My firm keeps contemporaneous time records, and the rates for our attorneys and personnel are commensurate with my experience and are commensurate with market rates in Boston for attorneys with similar levels of experience.

6.    I am a 1993 graduate of Harvard Law School.  Following graduation from law school, I served as a law clerk to the Honorable Martin L.C. Feldman, United States District Judge in the Eastern District of Louisiana.

7.    Following my clerkship, from 1994 to December 1996, I was an associate in the litigation department of Ropes & Gray in Boston, where I gained class action experience in the defense of a securities class action, *Schaeffer v. Timberland*, in the United States District Court in New Hampshire, and participated in many types of complex litigation.

8.    From January 1997 to March 2000, I was an associate with Ellis & Rapacki, a three-lawyer Boston firm focused on the representation of consumers in class actions.

9.    In March 2000, I co-founded the firm of Shlansky & Broderick, LLP, focusing my practice on complex litigation and the representation of consumers.

2

10.    In 2003, I started my own law firm focusing exclusively on the litigation consumer class actions.

11.    A sampling of other class actions in which I have represented classes of consumers and been appointed class counsel follows:

i.    *In re General Electric Capital Corp. Bankruptcy Debtor Reaffirmation Agreements Litigation,* (MDL Docket No. 1192) (N.D. Ill) (nationwide class action challenging reaffirmation practices of General Electric Capital Corporation, settlement worth estimated $60,000,000.)

ii.    *Hurley v. Federated Department Stores, Inc., et al*, USDC D. Mass. Civil Action No. 97-11479-NG (nationwide class action challenged bankruptcy reaffirmation practices of Federated Department Stores and others; $8,000,000 recovery for class.)

iii.    *Valerie Ciardi v. F. Hoffman LaRoche, et al*, Middlesex Superior Court Civil Action No. 99-3244D, (class action pursuant to Massachusetts Consumer Protection Act, M.G.L. c. 93A brought on behalf of Massachusetts consumers harmed by price-fixing conspiracy by manufactures of vitamins; settled for $19,600,000.)

iv.    *Shelah Feiss v. Mediaone Group, Inc, et al*, USDC N. District Georgia, Civil Action No. 99-CV-1170, (multistate class action on behalf of consumers; estimated class recovery of $15,000,000--$20,000,000.)

v.    *Mey v. Herbalife International, Inc.,* Ohio County Circuit Court (West Virginia), Civil Action No. 01-cv-263. $7,000,000 TCPA class action settlement granted final approval on February 5, 2008 following the grant of a contested class certification motion.

vi.    *Mulhern v. MacLeod d/b/a ABC Mortgage Company,* Norfolk Superior Court (Massachusetts), Civil Action No. 05-01619-BLS. TCPA class settlement of $475,000 following the grant of a contested class certification motion, granted final approval by the Court on July 25, 2007.

vii.    *Evan Fray-Witzer, v. Metropolitan Antiques, LLC*, Suffolk Superior Court (Massachusetts), Civil Action No. 02-5827-BLS. After the grant of a contested class certification motion, a companion case went to the Massachusetts Supreme Judicial Court, which issued a decision finding insurance coverage. *See Terra Nova Insurance v. Fray-Witzer et. al.*, 449 Mass. 206 (2007). There was then a TCPA class settlement of $1,800,000 which was granted final approval.

viii.    *Shonk Land Company, LLC v. SG Sales Company*, Circuit Court of Kanswaha County (West Virginia), Civil Action No. 07-C-1800 TCPA class settlement for

3

$2,450,000, final approval granted in September of 2009.

ix. *Mann & Company, P.C. v. C-Tech Industries, Inc.*, USDC, D. Mass., Civil Action No. 1:08-CV-11312-RGS, TCPA class settlement of $1,000,000, final approval granted in January of 2010.

x. *Evan Fray Witzer v. Olde Stone Land Survey Company, Inc.*, Suffolk Superior Court (Massachusetts), Civil Action No. 08-04165. TCPA class settlement $1,300,000 granted final approval on February 3, 2011.

xi. *Milford & Ford Associates, Inc. and D. Michael Collins vs. Cell-Tek, LLC*, USDC, D. Mass., Civil Action No. 1:09-cv-11261-DPW. TCPA class settlement of $1,800,000, final approval granted August 17, 2011.

xii. *Collins v. Locks & Keys of Woburn, Inc..*, Suffolk Superior Court (Massachusetts), Civil Action No. 07-4207-BLS2, TCPA class settlement of $2,000,000 following the granting of a contested class certification motion, granted final approval on December 14, 2011.

xiii. *Brey Corp t/a Hobby Works v. Life Time Pavers, Inc.*, Circuit Court for Montgomery County (Maryland), Civil Action No. 349410-V, TCPA class settlement of $1,575,000 granted final approval in March of 2012.

xiv. *Collins, et al v. ACS, Inc. et al*, USDC, D. Mass., Civil Action No. 10-CV-11912, TCPA class settlement $1,875,000 granted final approval on September 25, 2012.

xv. *Desai and Charvat v. ADT Security Services, Inc.*, USDC, ND. Ill., Civil Action No. 11-CV-1925, TCPA class settlement of $15,000,000 granted final approval on June 21, 2013.

xvi. *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, USDC, D. MD, Civil Action No. 11-CV-02467, TCPA class settlement of $4,500,000 granted final approval on February 12, 2015.

xvii. *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, USDC, D. MD., Civil Action No. 13-cv-00662, TCPA class settlement of $8,500,000 granted final approval on April 15, 2015.

xviii. *Charvat v. AEP Energy, Inc.*, USDC, ND. Ill., 1:14-cv-03121, TCPA class settlement of $6,000,000 granted final approval on September 28, 2015.

xix. *Mey v. Interstate National Dealer Services, Inc.*, USDC, ND. Ga., 1:14-cv-01846-ELR, TCPA class settlement of $4,200,000 granted final approval on June 8, 2016.

xx. *Philip Charvat and Ken Johansen v. National Guardian Life Insurance Company*, USDC, WD. Wi., 15-cv-43-JDP, TCPA class settlement for $1,500,000 granted final approval on August 4, 2016.

xxi.    *Bull v. US Coachways, Inc.*, USDC, ND. Ill., 1:14-cv-05789, TCPA class settlement finally approved on November 11, 2016 with an agreement for judgment in the amount of $49,932,375 and an assignment of rights against defendant's insurance carrier.

xxii.   *Toney v. Quality Resources, Inc., Cheryl Mercuris and Sempris LLC, et al.*, USDC, ND. Ill., 1:13-cv-00042, TCPA class settlement of $2,150,000 was granted final approval on December 1, 2016 with one of three defendants, and an assignment of rights against defendant's insurance carrier. Second settlement on behalf of class against two remaining defendants of $3,300,000 granted on September 25, 2018.

xxiii.  <u>*Smith v. State Farm Mut. Auto. Ins. Co.*</u> , *et. al.*, USDC, ND. Ill., 1:13-cv-02018, TCPA class settlement of $7,000,000.00 granted final approval on December 8, 2016.

xxiv.   *Mey v. Frontier Communications Corporation*, USDC, D. Ct., 3:13-cv-1191-MPS, a TCPA class settlement of $11,000,000 granted final approval on June 2, 2017.

xxv.    *Biringer v. First Family Insurance, Inc.*, USDC, ND. Fla., a TCPA class settlement of $2,900,000 granted final approval on April 24, 2017.

xxvi.   *Abramson v. Alpha Gas and Electric, LLC,* USDC, SD. NY., 7:15-cv-05299-KMK, a TCPA class settlement of $1,100,000 granted final approval on May 3, 2017.

xxvii.  *Heidarpour v. Central Payment Co.*, USDC, MD. Ga., 16-cv-01215, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

xxviii. *Abante Rooter and Plumbing, Inc. v. New York Life Insurance Company,* USDC, SD. NY., 1:16-cv-03588-BCM, a TCPA class settlement of $3,250,000 granted final approval on February 27, 2018.

xxix.   *Abramson v. CWS Apartment Home, LLC*, USDC, WD. Tex., 16-cv-01215, a TCPA class settlement of $368,000.00 granted final approval on May 19, 2017.

xxx.    *Thomas Krakauer v. Dish Network, L.L.C.*, USDC MDNC, Civil Action No. 1:14-CV-333 on September 9, 2015. Following a contested class certification motion, this case went to trial in January of 2017 returning a verdict of $20,446,400. On May 22, 2017, this amount was trebled by the Court after finding that Dish Network's violations were "willful or knowing", for a revised damages award of $61,339,200. (Dkt. No. 338).

xxxi.   *Mey v. Got Warranty, Inc., et. al.*, USDC, NDWV., 5:15-cv-00101-JPB-JES, a TCPA class settlement of $650,000 granted final approval on July 26, 2017.

xxxii.  *Mey v. Patriot Payment Group, LLC*, USDC, NDWV., 5:15-cv-00027-JPB-JES, a TCPA class settlement of $3,700,000 granted final approval on July 26, 2017.

xxxiii.     *Charvat and Wheeler v. Plymouth Rock Energy, LLC*, et al, USDC, EDNY, 2:15-cv-04106-JMA-SIL, a TCPA class settlement of $1,675.000 granted final approval on July 31, 2018.

xxxiv.     *Mey v. Venture Data, LLC and Public Opinion Strategies*, USDC, NDWV, 5:14-cv-123. Final approval of TCPA settlement granted on September 8, 2018.

xxxv.     *In Re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, USDC, NDWV, 1:13-md-02493-JPB-MJA, a TCPA class settlement of $28,000,000 granted final approval on June 12, 2018.

SIGNED UNDER PENALTIES OF PERJURY THIS 10th DAY OF DECEMBER 2018.

/s/ *Edward A. Broderick*
Edward A. Broderick

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

KAREN EVANS, on behalf of herself and
others similarly situated,

     Plaintiff,

v.

AMERICAN POWER & GAS, LLC,
CONSUMER SALES SOLUTIONS, LLC

     Defendants.

Case No. 17-cv-515

Judge: Edmund A. Sargus
Magistrate Judge: Elizabeth Preston
Deavers

## Declaration of Matthew P. McCue in Support of Motion for Preliminary Approval

I, Matthew P. McCue, declare under penalty of perjury:

1.　　I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge. I have extensive experience in the prosecution of class actions on behalf of consumers.

2.　　I am admitted to practice in this case *pro hac vice* as co-counsel of record to Plaintiff Karen Evans.

3.　　I respectfully submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

4.　　I make this affidavit to describe the work that I and my co-counsel have done in identifying, investigating and prosecuting the claims in the action and to set forth my qualifications to serve as class counsel and to state that based on my experience I consider this settlement an excellent result for the class that merits both preliminary and final approval from the Court.

5.　　I was involved in every stage of litigation in this case, from pre-trial investigation, analysis of Plaintiff's potential claims, drafting and researching the complaint and discovery work, review of documents, discovery responses, depositions and general preparation

1

for mediation and trial. I also additionally participated in settlement negotiations and strategy, participated in the mediation process and contributed on preparing the proposed settlement agreement and motion for preliminary approval.

6.      I am a 1993 honors graduate of Suffolk Law School in Boston, Massachusetts. Following graduation from law school, I served as a law clerk to the Justices of the Massachusetts Superior Court. I then served a second year as a law clerk for the Hon. F. Owen Eagan, United States Magistrate Judge for the USDC District of Connecticut.

7.      In 1994, I was admitted to the Bar in Massachusetts. Since then, I have been admitted to practice before the United States District Court for the District of Massachusetts, the First Circuit Court of Appeals, the United States District Court for the District of Colorado, the Sixth Circuit Court of Appeals and the United States Supreme Court.

8.      Following my clerkships, I was employed as a litigation associate with the Boston law firm of Hanify & King. In 1997, I joined the law firm of Mirick O'Connell as a litigation associate where I focused my trial and appellate practice on plaintiff's personal injury and consumer protection law.

9.      In the summer of 2002, I was recognized by the legal publication Massachusetts Lawyers Weekly as one of five "Up and Coming Attorneys" for my work on behalf of consumers and accident victims.

10.      In November of 2004, I started my own law firm focusing exclusively on the litigation of consumer class actions and serious personal injury cases.

11.      I am in good standing in every court to which I am admitted to practice.

12.      A sampling of other class actions in which I have represented classes of consumers follows:

     i.      Mey v. Herbalife International, Inc., USDC, D. W. Va., Civil Action No. 01-C-263M. Co-lead counsel with Attorney Broderick and additional co-counsel, prosecuting consumer class action pursuant to TCPA on behalf of nationwide class of junk fax and prerecorded telephone solicitation recipients. $7,000,000 class action settlement preliminarily approved on July 6, 2007 and granted final approval on February 5, 2008.

2

ii.  <u>Mulhern v. MacLeod d/b/a ABC Mortgage Company,</u> Norfolk
Superior Court, 2005-01619 (Donovan, J.). Representing class of
Massachusetts consumers who received unsolicited facsimile
advertisements in violation of the TCPA and G.L. c. 93A. Case certified
as a class action, and I was appointed co-lead counsel with Attorney
Edward Broderick by the Court on February 17, 2006, settlement for
$475,000 granted final approval by the Court on July 25, 2007.

iii.  <u>Evan Fray-Witzer, v. Metropolitan Antiques,</u> LLC, NO. 02-5827 Business
Session, (Van Gestel, J.). In this case, the defendant filed two Motions to
Dismiss challenging the plaintiff's right to pursue a private right of action
and challenging the statute at issue as violative of the telemarketer's First
Amendment rights. Both Motions to Dismiss were denied. Class
certification was then granted and I was appointed co-lead class counsel.
Companion to this litigation, my co-counsel and I successfully litigated the
issue of whether commercial general liability insurance provided coverage
for the alleged illegal telemarketing at issue. We ultimately appealed this
issue to the Massachusetts Supreme Judicial Court which issued a decision
reversing the contrary decision of the trial court and finding coverage. <u>See</u>
<u>Terra Nova Insurance v. Fray-Witzer et al.,</u> 449 Mass. 206 (2007). This
case resolved for $1,800,000.

iv.  <u>Shonk Land Company, LLC v. SG Sales Company,</u> Circuit Court of
Kanawha County, West Virginia, Civil Action No. 07-C-1800 (multi-state
class action on behalf of recipients of faxes in violation of TCPA, settlement
for $2,450,000, final approval granted in September of 2009.

v.  <u>Mann & Company, P.C. v. C-Tech Industries, Inc.,</u> USDC, D. Mass., C.A.
1:08CV11312-RGS, class action on behalf of recipients of faxes in violation
of TCPA, settlement for $1,000,000, final approval granted in January of
2010.

vi.  <u>Evan Fray Witzer v. Olde Stone Land Survey Company, Inc.,</u>
Massachusetts Superior Court, Civil Action No. 08-04165
(February 3, 2011) (final approval granted for TCPA class
settlement). This matter settled for $1,300,000.

vii.  <u>Milford & Ford Associates, Inc. and D. Michael Collins vs.</u>
<u>Cell-Tek, LLC,</u> USDC, D. Mass. C. A. 1:09-cv- 11261-
DPW, class action on behalf of recipients of faxes in violation
of TCPA, settlement for $1,800,000, final approval granted
August 17, 2011 (Woodlock, J.).

viii.  <u>Collins v. Locks & Keys of Woburn Inc..,</u> Massachusetts
Superior Court, Civil Action No. 07-4207-BLS2 (December 14,
2011) (final approval granted for TCPA class settlement). This
matter settled for $2,000,000.

3

ix.    Brey Corp t/a Hobby Works v. Life Time Pavers, Inc., Circuit Court for Montgomery County, Maryland, Civil Action No. 349410-V (preliminary approval granted for TCPA class settlement). This matter settled for $1,575,000.

x.     Collins, et al v. ACS, Inc. et al, USDC, District of Massachusetts, Civil Action No. 10-CV-11912 a TCPA case for illegal fax advertising, which settled for $1,875,000.

xi.    Desai and Charvat v. ADT Security Services, Inc., USDC, Northern District of Illinois, Civil Action No. 11-CV-1925, settlement of $15,000,000, approved, awarding fees of one third of common fund.

xii.   Benzion v. Vivint, 0:12cv61826, USDC S.D.Fla., settlement of $6,000,000 granted final approval in February of 2015.

xiii.  Kensington Physical Therapy v. Jackson Physical Therapy Partners, USDC, District of Maryland, 8:11cv02467, settlement of $4,500,000 granted final approval in February of 2015.

xiv.   Jay Clogg Realty v. Burger King Corp., USDC, District of Maryland, 8:13cv00662, settlement of $8.5 million granted final approval in May of 2015.

xv.    Charvat v. AEP Energy, 1:14cv03121 ND Ill, class settlement of $6 million granted final approval on September 28, 2015.

xvi.   Thomas Krakauer v. Dish Network, L.L.C., USDC, MDNC, Civil Action No. 1:14-CV-333 on September 9, 2015. I was co-trial counsel in the case which resulted in a jury verdict in favor of plaintiff and the class of $20,446,400 on January 19, 2017. (Dkt. 292). On May 22, 2017, this amount was trebled by the Court after finding that Dish Network's violations were "willful or knowing", for a revised damages award of $61,339,200. (Dkt. No. 338).

xvii.  Dr. Charles Shulruff, D.D.S. v. Inter-med, Inc., 1:16-cv-00999, ND Ill, class settlement of $400,000 granted final approval on November 22, 2016.

xviii. Toney v. Quality Resources, Inc., Cheryl Mercuris and Sempris LLC, 13-cv-00042, in which a TCPA class settlement was granted final approval on December 1, 2016 with TCPA settlement in the amount of $2,150,00 with one of three defendants an assignment of rights against defendant's insurance carrier. The case continues against the two non-settling defendants.

xix.   Bull v. US Coachways, Inc., 1:14-cv-05789, in which a TCPA class settlement was finally approved on November 11, 2016 with an agreement for judgment in the amount of $49,932,375 with an assignment of rights against defendant's insurance carrier.

xx.     <u>Smith v. State Farm Mut. Auto. Ins. Co. , et. al.</u>, USDC, ND. Ill., 1:13-cv-02018, TCPA class settlement of $7,000,000.00 granted final approval on December 8, 2016.

xxi.     <u>Mey v. Frontier Communications Corporation</u>, USDC, D. Ct., 3:13-cv-1191-MPS, a TCPA class settlement of $11,000,000 granted preliminary approval on January 26, 2017.

xxii.     <u>Biringer v. First Family Insurance, Inc.</u>, USDC, ND. Fla., a TCPA class settlement of $2,900,000 granted final approval on April 24, 2017.

xxiii.     <u>Abramson v. Alpha Gas and Electric, LLC</u>, USDC, SD. NY., 7:15-cv-05299-KMK, a TCPA class settlement of $1,100,000 granted final approval on May 3, 2017.

xxiv.     <u>Heidarpour v. Central Payment Co.</u>, USDC, MD. Ga., 16-cv-01215, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

xxv.     <u>Abante Rooter and Plumbing, Inc. v. New York Life Insurance Company</u>, USDC, SD. NY., 1:16-cv-03588-BCM, a TCPA class settlement of $3,250,000 granted preliminary approval on May 18, 2017.

xxvi.     <u>Abramson v. CWS Apartment Home, LLC</u>, USDC, WD. Tex., 16-cv-01215, a TCPA class settlement of $368,000.00 granted final approval on May 19, 2017.

xxvii.     <u>Charvat v. Elizabeth Valente, et al</u>, USDC, NDIL, 1:12-cv-05746, $12,500,000 TCPA settlement granted preliminary approval on July 6, 2017.

xxviii.     <u>Mey v. Got Warranty, Inc., et. al.</u>, USDC, NDWV., 5:15-cv-00101-JPB-JES, a TCPA class settlement of $650,000 granted final approval on July 26, 2017.

xxix.     <u>Mey v. Patriot Payment Group, LLC</u>, USDC, NDWV., 5:15-cv-00027-JPB-JES, a TCPA class settlement of $3,700,000 granted final approval on July 26, 2017.

xxx.     <u>Charvat and Wheeler v. Plymouth Rock Energy, LLC</u>, et al, USDC, EDNY, 2:15-cv-04106-JMA-SIL, a TCPA class settlement of $1,675.000 granted preliminary approval on September 15, 2017.

xxxi.     <u>Fulton Dental, LLC v. Bisco, Inc.</u>, USDC, NDIL, 1:15-cv-11038. TCPA class settlement for $262,500 granted preliminary approval on November 6, 2017.

xxxii.     <u>Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.</u>, USDC, NDGA, 1:15-cv-03262-AT. TCPA class settlement of $12,000,000 granted final approval on December 14, 2017.

xxxiii. <u>Abante Rooter and Plumbing, Inc. v. Alarm.com, Inc.</u>, USDC, NDCA 4:15-cv-06314-YGR. TCPA class settlement of $28,000,000 awaiting preliminary approval.

## Costs

13.     To date, I have incurred $2,430 in unreimbursed litigation costs in prosecuting this case, including mediation, travel expenses, flights, hotels and meals. I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts and the United States of America that the foregoing is true and correct.

/s/ Matthew P. McCue
Matthew P. McCue

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

KAREN EVANS, on behalf of herself and
others similarly situated,

     Plaintiff,

v.

AMERICAN POWER & GAS, LLC,
CONSUMER SALES SOLUTIONS, LLC

     Defendants.

Case No. 17-cv-515

Judge: Edmund A. Sargus
Magistrate Judge: Elizabeth Preston
Deavers

---

## Declaration of Samuel J. Strauss in Support of Motion for Preliminary Approval

I, Samuel J. Strauss, declare as follows:

1.  I am a member of the law firm of Turke & Strauss LLP, counsel of record for Plaintiffs in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the states of Washington and Wisconsin. I make this Declaration of my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

2.  Turke & Strauss is a law firm in Madison, Wisconsin that focuses on complex civil and commercial litigation with an emphasis on consumer protection, employment, wage and hour, business, real estate, and debtor-creditor matters.

**B.  Qualifications of Counsel**

3.  I graduated from the University of Washington School of Law with honors in 2013. As a founding member of Turke & Strauss, I concentrate my practice in complex litigation with an emphasis on consumer and employment issues.

1

4.    I have represented plaintiffs in several consumer class actions, including the following:

- *In re Capital One Telephone Consumer Protection Act Litigation*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  Final approval of the $75,455,098.74 settlement was granted in February 2015.

- *Wilkins, et al. v. HSBC Bank Nevada, N.A., et al.*—Filed on behalf of individuals who alleged that HSBC made prerecorded calls using an automatic dialing system.  The case settled on a class-wide basis in 2014 for $39,975,000, and final approval was granted in March 2015.

- *Ott, et al. v. Mortgage Investors Corporation*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis for $7,483,600, and final approval was granted in January 2016.

- *Fowler, et al. v. Wells Fargo Bank, N.A.*—Filed on behalf of consumers who were overcharged fees on FHA mortgages.  The case settled on a class-wide basis in 2018, and final approval is pending in the United States District Court for the Northern District of California.

- *Booth, et al. v. AppStack, et al.*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis in 2016, and final approval was granted in January 2017.

- *Melito, et al. v. American Eagle Outfitters, Inc., et al.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis in 2016 for $14.5 million. The case is currently on appeal with the United States Court of Appeals for the Second Circuit.

- *Dibb, et al. v. AllianceOne Receivables Management, Inc.*— Filed on behalf of Washington consumers who received unfair and deceptive debt collection notices that included threats of criminal prosecution. The case is settled on a class-wide basis, and final approval was granted in July 2017.

- *Bee, Denning, Inc., et al. v. Capital Alliance Group, et al.*— Filed on behalf of consumers who received junk faxes and automated, prerecorded solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016, and final approval was granted in November 2016.

- *Rinky Dink, et al. v. World Business Lenders, LLC*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* The case settled on a class-wide basis in 2015, and final approval was granted in May 2016.

- *Rinky Dink, et al. v. Electronic Merchant Systems, Inc., et al.*— Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* The case settled on a class-wide basis in 2015, and final approval was granted in April 2016.

- *Spencer v. FedEx Ground Package System, Inc.*—Filed on behalf of current and former delivery drivers who allege violations of state wage and hour laws. The case settled on a class-wide basis, and final approval was granted in December 2016.

3

- *Newell v. Home Care of Washington, Inc., et al.*—Filed on behalf of more than 400 in-home health care workers who alleged violations of state wage and hour laws. The case settled on a class-wide basis, and final approval was granted in January 2015.

## C. The Work Performed and Risks Assumed

5. I make this affidavit to describe the work that I and my co-counsel have done in identifying, investigating and prosecuting the claims in the action and to set forth my qualifications to serve as class counsel and to state that based on my experience I consider this settlement an excellent result for the class that merits both preliminary and final approval from the Court. I was involved in every stage of litigation in this case, from pre-trial investigation, analysis of Plaintiff's potential claims, drafting and researching the complaint and discovery work, review of documents, discovery responses, depositions and general preparation for mediation and trial. I also additionally participated in settlement negotiations and strategy, and contributed on preparing the proposed settlement agreement and motion for preliminary approval. My firm incurred $72.44 in out of pocket expenses on FOIA requests and photocopies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at Madison, Wisconsin, this 10th day of December, 2018.

/s/ Samuel J. Strauss, *Admitted Pro Hac Vice*
Samuel J. Strauss, *Admitted Pro Hac Vice*

4