# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KAREN EVANS, on behalf of herself and others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>AMERICAN POWER & GAS, LLC, CONSUMER SALES SOLUTIONS, LLC<br><br>　　Defendants. | Case No. 17-cv-515<br><br>Chief Judge: Edmund A. Sargus<br>Magistrate Judge: Elizabeth Preston Deavers<br><br>**FINAL ORDER APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE** |

This matter having come before the Court on May 21, 2019 upon the Motion of Representative Plaintiff, individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement dated December 10, 2018 ("Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Court Approval Hearing, and any other submissions filed with this Court in connection with the Court Approval Hearing, **IT IS HEREBY ORDERED** and adjudged as follows:

　　1.　　The Settlement Agreement is hereby incorporated by reference into this Order ("Order"), and is hereby adopted by the Court. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

　　2.　　For purposes of settlement only, the Settlement Class, as that term is defined in the Agreement, is found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

　　3.　　For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby finally certifies the Settlement Class. If, for any reason, the Settlement does not

1

become effective, this certification shall be null and void and shall not be used or referred to for any purpose in the Action or any other action or proceedings.

4. For purposes of settlement only, the Court appoints Representative Plaintiff as representative of the Settlement Class and finds that she meets the relevant requirements of Fed. R. Civ. P. 23(a).

5. For purposes of settlement only, the Court appoints JB Hadden, Brian K. Murphy and Jonathan P. Misny (of Murray Murphy Moul Basil LLP), Anthony Paronich and Edward A. Broderick (of Broderick and Paronich, P.C.), and Samuel J. Strauss (of Turke and Strauss LLP) as counsel to the Settlement Class and finds that these attorneys meet the relevant requirements of Fed. R. Civ. P. 23(a).

6. As set forth in the Class Notice, this Court convened the Court Approval Hearing at 10:00 a.m. on May 21, 2019.

7. Pursuant to Fed. R. Civ. P. 23, the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised by Representative Plaintiff's claims and Defendants' defenses.

8. The Court finds that the mailed notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this

Settlement have been met and satisfied. This Court further finds that all notice requirements of 28 U.S.C. § 1715 have been properly complied with by Defendants in connection with the Settlement, and that it has been more than ninety (90) days since the date, December 20, 2018, on which the notices required under the statute were served upon the appropriate state and federal officials. Accordingly, no Class Member (excepting only those who are Successful Opt-Outs) may refuse to comply with or refuse to be bound by the Settlement Agreement or this Order.

9. After due consideration of Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the complexity, expense, and duration of the litigation; the substance of and lack of any opposition or objections to the Settlement; that only one member of the Settlement Class Opted-Out from the Settlement; the responses of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiff and the Class Members; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto are fair, adequate and reasonable, and are in the best interest of the Class. In reaching this determination, the Court has specifically considered whether the Representative Plaintiff and Class Counsel have adequately represented the Settlement Class; the Settlement was negotiated at arm's length; the relief provided to the members of the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method for distributing relief to the eligible members of the Settlement Class, including the method of processing class-member claims; the terms of the requested award of attorney's fees and litigation costs, including timing of payment is reasonable

and appropriate in the context of this Action; and the Settlement treats Class Members equitably relative to each other. In addition, the Court also considered the absence of any additional agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3) in reaching its determination. Accordingly, the Settlement Agreement should be and is finally approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10. Upon consideration of the application for attorneys' fees and litigation costs by Plaintiffs' Counsel, the aggregate amount of the Attorney Fee/Litigation Cost Award is hereby fixed at two million thirty seven thousand, fifty nine dollars and sixty five cents ($2,037,059.65). This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Plaintiffs' Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiff or Class Members (or any of them) with respect to all matters within the scope of the Release, and (c) Representative Plaintiff or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release.

11. Upon consideration of the application for an award to Representative Plaintiff, the amount of the Class Representative Award is hereby fixed at ten thousand dollars ($10,000.00).

12. In accordance with the Settlement Agreement, and to effectuate the Settlement, the Settlement Administrator or Defendants, as applicable under the terms of the Settlement Agreement, shall cause:

    (a) the Benefit Checks to be provided to eligible Class Members in accordance with the terms of the Agreement;

(b) the aggregate Attorney Fee/Litigation Cost Award made in Paragraph 10 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

(c) the Class Representative Award made in Paragraph 11 above to be disbursed to Representative Plaintiff in accordance with the terms of the Agreement and will be reported on any Form 1099 issued by the Settlement Administrator or Defendants in connection with the Settlement as "other income."

13. In the event that the Benefit Check or Second Check (if any), whether individually or in the aggregate, distributed to a Class Member pursuant to this Settlement exceed the threshold amounts set by the Internal Revenue Service for reporting by means of a Form 1099, (a) each Class Member shall complete and return a Form W-9 to the Settlement Administrator upon request from the Settlement Administrator or Class Counsel; (b) the Settlement Administrator and Class Counsel shall take reasonable and appropriate steps to obtain Form W-9s from each Class Member who receives a Benefit Check or Second Check (if any) and to comply with applicable Internal Revenue Service regulations on issuing Form 1099s without a social security or tax identification number; and (c) the Settlement Administrator shall take all reasonable and appropriate steps to avoid the imposition of Internal Revenue Service fees or penalties against the Settlement Amount (or any portion thereof).

14. The Action and all claims against Defendants are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter this Judgment in favor of Defendants in the Action. The Judgment shall be without costs to any Party.

15. Representative Plaintiff, Plaintiffs' Counsel and each Class Member (except those who are Successful Opt-Outs and appear on a list that is on file with the Court under seal to

protect the privacy of those persons, which list is incorporated herein and made a part hereof) shall be forever bound by this Order and the Agreement, including the Release and covenants not to sue set forth in Paragraphs 4.01 to 4.03 of the Settlement Agreement providing as follows:

4.01 Upon Final Approval, and in consideration of the promises and covenants set forth in this Settlement Agreement, Representative Plaintiff and each Class Member whose phone number appears on the Class Member List and is not a Successful Opt-out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), and Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will completely release and forever discharge the Defendants, as that term is defined in Paragraph 1.17 above, from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind for calls concerning the goods or services of the Defendants, including without limitation (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action; (b) the cellphone provision (47 U.S.C. § 227(b)(1)(A)(iii)) of the TCPA, and any other laws similar in coverage or intent to that provision of the TCPA; (b) attorneys' fees and costs of any kind or nature, by statute or otherwise, except as provided in the Settlement Agreement; (c) calls, text messages, or other communications by Defendants or any of the Released Persons to any telephone number(s) appearing on the Class Phone Number List and subscribed to or used by the Representative Plaintiff or any Class Member at any time prior to August 31, 2018; (d) the use by any or all of the Defendants of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make "calls" to any number appearing on the Class Phone Number List; (e) statutory or common law claims predicated upon any alleged violations of the cellphone provision of TCPA and any other law similar in coverage or intent to the cellphone provisions of the TCPA, including without limitation any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; and (f) the negotiation, execution and delivery of the Settlement Agreement.

4.02 The Representative Plaintiff and the Releasing Persons expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law, which is similar,

comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Paragraph 4.01 above. Section 1542 of the California Civil Code reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Plaintiff and each of the Releasing Persons acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of this Settlement Agreement, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by the Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03    Upon Final Approval, Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), will unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge the Defendant Parties and the Released Persons from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided in the Settlement Agreement.[1]

---

[1] The term "Released Persons," as used in the Release, means: "(a) American Power & Gas, LLC; Consumer Sales Solutions, LLC; AP&G Holdings, LLC; American Power & Gas of CA, LLC; American Power & Gas of CT, LLC; American Power & Gas of IL, LLC; American Power & Gas of MA, LLC; American Power & Gas of MD, LLC; American Power & Gas of ME, LLC; American Power & Gas of NJ, LLC; American Power & Gas of Ohio, LLC; American Power & Gas of Pennsylvania, LLC; American Power & Gas of TX, LLC; and CSS Columbia, SAS (collectively, the "AP&G and CSS Entities"); (b) all subsidiaries or affiliates of any of the AP&G and CSS Entities; (c) all persons or entities for or on behalf of which any of the AP&G and CSS Entities made calls to a cellular telephone number of any Class Member bringing the Class Member within the scope of the Settlement Class; and (d) all past, present and future predecessors, successors, assigns, affiliates, parents, subsidiaries, divisions, owners, shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives, and employees of each of the entities or persons in subparagraphs (a), (b), and (c) above."

16. The Release set forth in Paragraph 14 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and/or other proceedings maintained by or on behalf of Representative Plaintiff, Class Members (except the Successful Opt-Outs) and/or the Releasing Parties concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release.

17. Defendants and any Released Person are hereby released and forever discharged by Representative Plaintiff, Class Members (except the Successful Opt-Outs) and the Releasing Parties from all matters and claims within the scope of the Release.

18. Representative Plaintiff, Plaintiff's Counsel and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against Defendants and/or any Released Person any existing or future claim within the scope of the Release, as embodied in Paragraphs 4.01 to 4.03 of the Settlement Agreement. Nothing in this Paragraph shall be construed to enjoin Representative, Plaintiff's Counsel, and/or Class Members from bringing, joining, assisting in, or continuing to prosecute existing or future claims against Defendants and/or any Released Person that were not released as part of the Settlement.

19. This Court finds that Class Counsel had and continue to have the authority to execute the Agreement on behalf of themselves and Plaintiffs' Counsel, and thereby to bind themselves and Plaintiffs' Counsel to all terms and conditions of the Agreement. Class Counsel and Plaintiffs' Counsel are thus also bound by all provisions of this Order.

20. This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such

documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of Defendants whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by Defendants to enforce the Agreement or to support a defense of *res judicata*, *collateral estoppel*, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. The Parties may, by mutual agreement, amend, modify or expand the provisions of the Settlement Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

22. In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Order, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

23. Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

24. This Order follows this Court's Order Preliminarily Approving Settlement and With Respect to Class Notice, Court Approval Hearing and Administration, and supersedes the Preliminary Approval Order to the extent of any inconsistency.

25. Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation,

administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

I.

For the reasons stated above, Plaintiff's Motion for Attorney Fees is **GRANTED** (ECF No. 65), and Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement is **GRANTED** (ECF No. 67). The Settlement Agreement is hereby incorporated by reference into this Order and is **ADOPTED** by the Court. The Clerk is **DIRECTED** to dismiss this action with prejudice and enter Judgment in favor of Defendants. The Judgment shall be without costs to any party.

**IT IS SO ORDERED.**

_5-22-2019_
**DATE**

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE